## HARP v. CONSOLIDATED SCHOOL DIST. NO. 1.

No. 15694—Opinion Filed Sept. 22, 1925.

Rehearing Denied Nov. 24, 1925.

**1. Schools and School Districts—Independent Districts—Powers of Board to Employ Teachers.**

Under section 10404, Comp. Stats. 1921, an incorporated town which maintains a four years high school, fully accredited with the State University, constitutes an independent district for school purposes. The board of education of such district has such power to employ its educational staff as is conferred by section 10418, Comp. Stats. 1921.

**2. Same—Invalidity of Contract Prematurely Made.**

A contract purporting to employ a school superintendent, prior to the time fixed by statute for making such contract, confers no rights which the newly organized board of education is required to respect; and where the newly organized board of education takes proper steps to repudiate such contract, the instrument, prematurely executed, amounts to no contract.

**3. Same—Action by Teacher for Breach.**

Record examined: and held, that plaintiff's evidence established that he had no valid, enforceable contract entitling him to damages for its breach; and held, that it was not error to sustain defendant's demurrer to plaintiff's evidence.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Garfield County; Charles Swindall, Judge.

Action by Russell Harp against Consolidated School District No. 1, Garfield County, Okla. From the judgment, plaintiff appeals. Affirmed.

W. E. Crowe, for plaintiff in error.

Simons, McKnight & Simons, for defendant in error.

Opinion by SHACKELFORD C. The plaintiff in error was the plaintiff below, and the defendant in error was the defendant. The parties will be referred to herein as plaintiff and defendant, as they appeared in the trial court.

The plaintiff commenced his suit in the district court of Garfield county to recover damages in the sum of $2,025, for failure to perform a written contract. The plaintiff alleges that on the 3rd of March, 1923, he entered into a contract with the defendant Consolidated School District No. 1, Garfield county, Okla., to render services in defendant's school as teacher and superintendent through a school term beginning in September, 1923, for nine months, ending in 1924, at the agreed price of $225 per month; and that on May 29, 1923, he was notified by the school board that his services would not be required and the board would not carry out the contract. A copy of the contract is attached to and made part of the petition. The prayer is for judgment for $2,025 with interest at 6% per cent. per annum from the 29th of May, 1923. The contract seems to be the usual form of teacher's contract, except an addendum, as follows:

"It is further mutually agreed between the parties hereto that if the services of the teacher, Russell Harp, should become unsatisfactory to the board of education, by unanimous vote of said board this contract may be canceled and said teacher, Russell Harp, hereby agrees to abide by the action of said board."

Both the contract and the addendum were signed by both parties to the contract. On the part of the defendant, the instrument was signed by "Carl Anderson, Member," "D. W. Ward, Director," and "C. S. Marsh, Clerk." In the instrument these parties are designated "Board of Education of Ind. Con. School Dist. No. 1, Garfield County, Oklahoma." After preliminary matters, not necessary to notice here, answer to the petition was filed. In the answer it is specifically denied that the school district is a "consolidated school district," but at the time the instrument relied upon by the plaintiff was executed, the district was "independent school district of the town of Waukomis," and the incorporated town of Waukomis, with attached territory was "maintaining a four years high school, fully accredited with the State University," and the board with which the plaintiff dealt is

legally designated "The Board of Education of the Town of Waukomis"; and the school district is controlled by the statutes controlling and governing independent school districts. It is denied in the answer that plaintiff entered into a contract with such board as teacher or superintendent; and it is alleged that the contract made with the plaintiff was prematurely made, wholly unauthorized, illegal, void, and not binding upon the board of education of such independent school district; that if the district was ever bound by the contract, it was canceled and abandoned by the district as provided in the contract and by law. Some other defensive matters are alleged, not necessary to state here. The plaintiff moved to strike out of the answer the portion thereof making reference to the character of the school district as being different from that designated in the petition. This motion was overruled and plaintiff excepted.

The case was called for trial and the defendant obtained leave of the court to file a verified denial of the corporate existence of consolidated school district No. 1, Garfield county. The plaintiff moved to strike such denial and other portions of the answer, and the motion was overruled and plaintiff excepted. By way of reply plaintiff specifically denied that the district is an independent school district; and alleged that it had held itself out to be "consolidated school district No. 1 and had contracted in that name, and is estopped to claim that it is in fact an independent school district."

The plaintiff introduced his evidence and rested. Defendant demurred to plaintiff's evidence, and the demurrer was sustained and judgment rendered for defendant. The plaintiff appeals and presents several assignments of error for reversal. It seems that there is only one question here which it will be necessary to consider in the disposition of this appeal. That question is whether or not the town of Waukomis and territory included in the school district constitute an independent school district. If it was such school district at the time the contract on which plaintiff relies was made it seems that the contract was unauthorized because prematurely made. The trial court found, in substance and effect, from plaintiff's evidence that he was dealing with an independent school district in making the contract; and the contract was prematurely made and was unenforceable. Section 10404, Comp. Stats. 1921, provides what shall constitute an independent school district. The statute is:

"Independent school districts in cities and towns. Each city of the first class, and each incorporated town maintaining a four years high school fully accredited with the State University, shall constitute an independent district and be governed by the provisions of this article."

Thus, it would appear that when a municipal corporation is raised to a city of the first class, it automatically becomes an independent school district for school purposes; also when an incorporated town establishes and maintains a four-year high school fully accredited with the State University, such incorporated town becomes an independent district for school purposes, and is controlled by article 10, chap. 86, Comp. Stats. 1921 (sections 10404-10461). The plaintiff's testimony was to the effect that he had taught the year previous in the school of the town of Waukomis, and that the school was conducting a four-year high school course fully accredited with the State University; also that the town of Waukomis had been an incorporated town for five years with a regularly organized town government. It seems that plaintiff's evidence established every fact required by the statute for the town of Waukomis to become and be an independent school district.

It being established that the incorporated town of Waukomis was an independent district, we should examine the statutes to see what authority the school board has in hiring teachers and a superintendent of its school. After the annual school meeting, or after a biennial election of the school officers, the members of the school board are authorized to organize the board at the regular meeting in May (section 10413, Comp. Stats. 1921); after such organization, the board is empowered to elect or hire teachers or a superintendent for the school. The statute provides that such election or hiring of the educational staff shall be done after the first Monday in May (section 10418, Comp. Stats. 1921). This section as it now appears is amendatory of the acts of 1913. It makes some important changes not necessary to analyze here. In the act of 1910, on the same subject, the board was empowered to hire a superintendent and teachers, whose employment was subject to the will of the board.

In Farley v. Board of Education of City of Perry, 62 Okla. 181, 162 Pac. 797, it was held that the board had power to discharge the superintendent of schools before the time expired as fixed by the contract. The provision fixing employment at the will of the

board, notwithstanding the time fixed in the contract, was left out in the acts of 1913, and later in the acts of 1915, as we have the law now. It seems that in lieu of such provisions, a time was fixed for employing the superintendent and teachers after the reorganization of the board of education in May. It seems that such provision took away from the board of education organized for the previous year the right to employ a superintendent and teachers for the next ensuing year. The power to so contract is conferred upon the newly organized board of education. The reason why such provision was made seems to be plain. The primary purpose was to provide a means by which a harmonious, successful term of school might be conducted. The greater success might be reached when the board of education and the superintendent work harmoniously. Much of the successful conduct of a school should and does rest upon the board of education. If the newly organized board of education has its own choice of superintendent and teachers, chances for harmonious, successful work in the school are greatly enchanced. It seems that such was the basic purpose in providing that the superintendent and teachers should be elected by the board after its annual reorganization, that is, after the first Monday in May. Undoubtedly the Legislature intended to withdraw from the old board of education the right to foist upon the newly organized board the choice of the old board as to superintendent and teachers. It is apparent that the provision is a wise one. The board of education has the powers conferred by statute. If the old board ever had the power to hire a superintendent for the ensuing term of school, such power was withdrawn by the act and given to the newly organized board. Whether the old board can contract with a superintendent for the next ensuing term and the new board ratify the contract is not a question in this case. The proof showed that the contract on which the plaintiff relies was made by the old board and was made on March 3, 1923. Under the terms of the contract, plaintiff was to begin rendering services sometime in September, 1923. No service was rendered under the contract. There was a notice issued by two members of the newly organized board and in due course received by plaintiff, notifying him that his services would not be needed in the school; and that the board of education as organized in May, 1923, refused to ratify the contract; and which in no uncertain terms repudiated the action of the

old board in contracting with plaintiff. This notice was dated May 29, 1923. Another more formal notice was given plaintiff, dated September 4, 1923, that the new board of education repudiated the contract made by the old board. This notice was given by the members of the newly organized board.

It seems that the plaintiff's evidence conclusively showed that he was not entitled to recover damages for breach of the contract. He, in fact, had no contract of employment when the new organization refused to ratify and repudiated the contract. The newly organized board of education was acting within its rights and gave the plaintiff timely notice of its repudiation of the contract.

It was not error to sustain the demurrer to plaintiff's evidence. It is not necessary to examine the other matters discussed in plaintiff's brief. There is no reversible error. We recommend that the judgment be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 35 Cyc. pp. 834, 1077. 24 R. C. L. pp. 613. 618; 4 R. C. L. Supp. p. 1548. (2) 35 Cyc. p. 1078. (3) 35 Cyc. p. 1108.