## DARNELL et al. v. HIGGINS, Co. Supt.

No. 16872—Opinion Filed Sept. 14, 1926.

Rehearing Denied March 8, 1927.

**Schools and School Districts—Attaching Territory to Consolidated District—Remedy by Appeal and not Certiorari.**

Under section 10472, C. S. 1921, and section 10321, Id., qualified electors of any part of a school district, aggrieved by reason of an order made by the county superintendent of public instruction attaching certain adjacent territory to a consolidated school district, may appeal to the board of county commissioners from the action of such county superintendent; and by reason of such right of appeal, the writ of certiorari does not lie.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Wagoner County; E. A. Summers, Judge.

Application of W. H. Darnell et al. against Jennie Higgins, County Superintendent of Public Instruction of Wagoner County, Okla., for writ of certiorari. Writ denied.

John C. Graves and P. E. Reed, for plaintiffs.

Kirby & Markley, for defendants.

Opinion by JONES, C. This is an original action in the Supreme Court based upon an application for writ of certiorari. The writ was granted commanding the defendant to certify all proceedings, pertaining to an order annexing certain territory to a consolidated school district, to this court, and to appear and show cause why the order of annexation should not be set aside.

The matter is now before the court on its merits, and while numerous questions are raised, the only one necessary for this court to determine is that of whether or not certiorari is the proper procedure, and whether or not this court should entertain jurisdiction of the matter. The facts, as they appear from the record, disclose that prior to the filing of the application here involved, the defendant, who is the county superintendent of public instruction of Wagoner county, made an order based upon an application duly filed in her office, attaching or annexing certain territory to a consolidated school district in Wagoner county; no appeal was taken from the action of the county superintendent, but an application for a writ of certiorari was filed in the district court of Wagoner county and the writ granted, and thereafter on final hearing the same was set aside and plaintiffs' petition dismissed. Thereupon the plaintiffs filed their application in the nature of an original proceeding in this court, upon the theory that they had no right of appeal from the order of the county superintendent annexing the territory to the consolidated school district. This question has heretofore been determined by this court adversely to plaintiff's contention. In the case of State ex rel. Freeling v. Ross, 76 Okla. 11, 183 Pac. 918, this court in passing on a similar matter held:

"The power of the Supreme Court to grant mandamus and to hear and determine the same, as authorized by section 2, art. 7, Constitution, will be exercised only when the questions involved are publici juris, or when some unusual situation exists, whereby not to entertain jurisdiction would work a great wrong or result in a practical denial of justice."

Following the case of Attorney General v. Chicago & N. W. Ry. Co., 35 Wis. 521, and in the case of the Homesteaders v. McCombs, 24 Okla. 201, 103 Pac. 691, this court, in dealing with a similar matter, said:

"It is to be hoped that in the future there will be care in invoking its original jurisdiction."

And in the case of Attorney General v. City of Eau Claire et al., 37 Wis. 443, the following rule was announced:

"To warrant the assertion of original jurisdiction here, the interest of the state should be primary and proximate, not indirect or remote, peculiar, perhaps, to some subdivision of the state, but affecting the state at large in some of its prerogatives, raising a contingency requiring the interposition of this court to preserve the prerogatives and franchises of the state, in its sovereign character; this court judging of the contingency, in each case, for itself. For all else, though raising question publici juris, ordinary remedies and ordinary jurisdictions are adequate. And only when for some peculiar cause, they are inadequate, will the original jurisdiction of this court be exercised for protection of merely private or merely local rights."

These authorities hold that where the question raised is not publici juris, the Supreme Court is not authorized to assume jurisdiction, and especially is this rule applicable where the complainant has an adequate remedy at law, or the right to invoke the jurisdiction of some other tribunal by appeal, hence, we conclude that if the plaintiffs had the right of appeal from the order of the defendant, county superintendent of public instruction of Wagoner county. that they should be required to pursue that remedy, and would not be entitled to invoke the jurisdiction of this court by application for writ of certiorari.

The general rule is well stated in 11 C. J. 113, sec. 57, as follows:

"It is a rule of almost universal application that the writ of certiorari will not issue in those cases in which there is a plain, speedy, and adequate remedy by appeal, writ of error. or exceptions."

This rule has been followed by this court in the case of Becker v. Newton, 22 Okla. 658, 98 Pac. 931, and in the case of Parmenter v. Ray, 58 Okla. 27, 158 Pac. 1183, wherein it was held:

"The common-law writ of certiorari, as used in this jurisdiction, cannot be employed as a substitute for appeal or proceedings in error. * * *"

This brings us to the question of whether the plaintiffs had the right of appeal from the order of annexation made by the defendant, county superintendent. Section 10-462, C. S. 1921, gives authority to the county superintendent and provides a procedure for attaching adjacent territory to consolidated districts, and section 10472, Id., provides:

"In all matters relating to consolidated school districts, not provided for in the preceding sections, the law relating to school districts shall be in force where said laws are applicable."

And section 10321. Id., specifically provides that parties aggrieved by such change, "may join in an appeal to the board of county commissioners from the action of such county superintendent. * * *"

And this court, in the case of Board of County Commissioners of Garfield County v. Worrell, 33 Okla. 390, 126 Pac. 785, held in the first paragraph of the syllabus that:

"By virtue of section 1, c. 107, p. 202. Sess. Laws of 1910 (sec. 10321, C. O. S. 1921), and section 8 or article 1, c. 33, Sess. Laws 1905 (section 8176, Comp. Laws 1909), and section 10472, C. O. S. 1921, a county superinten-

dent is granted the power to change consolidated school districts in his county when the interest of the people thereof may require it by making them to conform to existing topographical or physical conditions. (a) An appeal lies from the action of such county superintendent to the board of county commissioners."

Whereby a construction is placed on the section heretofore quoted, and held that an appeal lies from the action of the county superintendent to the board of county commissioners. And this authority was followed by the court in the case of Evinger v. Duke. 43 Okla. 79, 130 Pac. 147, so the question here raised is no longer an open question in this jurisdiction, and the plaintiffs having the right of appeal are not entitled to invoke the jurisdiction of this court, or of any other court by application for writ of certiorari. The application is therefore denied.

By the Court: It is so ordered.

Note.—See under (1) 11 C. J. p. 113, §57. p. 114, §57; 35 Cyc. p. 835.