## DARNELL et al. v. HIGGINS, County Supt., et al.

No. 19107. Opinion Filed Sept. 10, 1929.

Rehearing Denied Nov. 19, 1929.

John C. Graves and George M. Nicholson, for plaintiffs in error.

E. L. Kirby, T. M. Markley, and A. L. Harris, for defendants in error.

LEACH, C. This is an appeal from a judgment of the district court of Wagoner county denying certain injunctive or equitable relief prayed for by the plaintiffs W. H. Darnell et al., against Jennie Higgins, county superintendent of public instruction of Wagoner county, et al. The facts leading up to the judgment appealed from and relating to prior proceedings in the matter are, in substance:

On August 6, 1925, there was filed with Jennie Higgins, county superintendent, hereinafter referred to as superintendent, a petition signed by a majority of the legal voters of school district No. 51 and a resolution by the board of directors of consolidated school district No. 3, requesting that the territory comprising district No. 51 be attached to and become a part of the consolidated district. Twenty days' notice of the proposed change as petitioned for was posted, and on the 27th day of August, the date specified in the notice, and prior to any action on the petition, there was filed with the superintendent a protest on behalf of the plaintiffs herein, including 16 other persons, against the proposed change, and a written request by the same parties that their names be withdrawn from the petition previously signed and filed by them. The superintendent made an order on August 27th approving the transfer of the territory comprising district No. 51 to consolidated district No. 3, and on the same date the plaintiffs in this action, joined by two others, filed their action in the district court of Wagoner county, praying a writ of certiorari for the pur-

pose of having reviewed the action of the superintendent in the matter. On August 29th, 13 of the persons who had signed the original petition, the protest thereon and request to withdraw their names therefrom, filed with the superintendent a written request that their names remain on the original petition, alleging therein that the action in requesting their names be withdrawn from the original petition was procured through misrepresentation and fraud, and on that date the superintendent entered an order vacating her previous order of the 27th and reciting therein that hearing on the original petition would be continued to September 1st.

On September 1st the superintendent entered an order wherein it is recited that there were 100 legal voters in school district No. 51, and that more than a majority thereof, 53, had signed the petition requesting such district be attached to district No. 3, and ordered that the territory comprising district No. 51 be attached and become a part of consolidated district No. 3, and caused notice of such action to be posted as provided by section 10321, C. O. S. 1921, and thereafter, no appeal having been taken from the order, changed the record and boundaries accordingly and notified the districts affected.

The district court of Wagoner county, after a hearing on the writ of certiorari issued by it on August 27th, later entered its order and judgment denying the plaintiffs therein any relief on the ground that they had a plain and adequate remedy at law by appeal from the order of the county superintendent, and that the action was prematurely and improperly brought, from which ruling and judgment the plaintiffs gave notice of appeal, but instead of appealing they filed their petition and original action in the Supreme Court, wherein they set forth the proceedings had and done relating to the transfer and annexation of the territory comprising district No. 51 to district No. 3, and prayed a writ of certiorari against the defendant, Jennie Higgins, county superintendent, and that upon a hearing thereon such transfer be held null and void, and that school district No. 51 be restored to its original and legal status.

This court after issuing the writ and a hearing on such petition denied the plaintiffs any relief, it being stated in the syllabus of the opinion, reported in 124 Okla. 201, 255 Pac. 678, as follows:

"Under section 10472, C. S. 1921, and section 10321, Id., qualified electors of any part of a school district, aggrieved by reason of an order made by the county superintendent of public instruction attaching certain adjacent territory to a consolidated school district, may appeal to the board of county commissioners from the action of such county superintendent; and by reason of such right of appeal, the writ of certiorari does not lie."

Thereafter, on June 10, 1927, the present action was filed in the district court of Wagoner county, where the plaintiffs, after reciting in their petition the filing of the original petition with the county superintendent, the withdrawal therefrom by certain of the signers thereof, the order entered by the superintendent on August 27th, and alleging that the defendants had caused an estimate and levy for school taxes to be spread upon the tax records and books of Wagoner county and were collecting taxes from the territory of school district No. 51 for the use and benefit of consolidated district No. 3, and were attempting to take over and dispose of the property and funds of school district No. 51, concluded with a prayer that the county superintendent be ordered to cancel the order of consolidation complained of, that school district No. 3 be directed to account to district No. 51 for any and all funds received by it from taxes collected against property located in school district No. 51, and that the county treasurer be restrained from turning over to district No. 3 any funds derived from taxes on property within school district No. 51, and that district No. 51 be restored to its original and legal entity.

A response or answer was filed by the defendant wherein the various steps relating to the matter of the transfer were set forth and the previous judgments in the actions filed by the plaintiffs in the matter were pleaded as res judicata, and prayed that plaintiffs be denied any relief.

On the issues joined a trial was had before the court, who made certain findings of fact and conclusions of law and entered judgment in favor of the defendants, from which judgment the plaintiffs bring this appeal and present their several assignments of error and argument thereon under the general proposition:

"That under the facts disclosed by the record, the county superintendent was without power or jurisdiction to make the order of consolidation complained of and therefore said order of consolidation was void."

In support of their proposition and argu-

ment, the plaintiffs call attention to the cases of Gregg v. Hughes, 89 Okla. 168, 214 Pac. 904, and Chandler, County Supt., v. Barber, 113 Okla. 222, 241 Pac. 145, wherein it was held that the provisions of sections 10462 and 10321, Comp. Stat. 1921, relating to attaching territory to a consolidated school district, are mandatory and jurisdictional.

Those cases are distinguishable from the instant one, in that no notice whatsoever was given in the matter of the transfer, and clearly the superintendent, under the facts in those cases, did not acquire sufficient jurisdiction and authority to make the transfer; furthermore, the proceedings involved in those cases were reviewed under a writ of certiorari, it being specifically stated in the Gregg v. Hughes Case, supra, that:

"There was no other remedy left, for that the ordinary statutory provision of appeal was lost because of no fault or negligence on the part of plaintiffs, but because no notice was given."

In the instant case notice was given, and, as stated in the previous opinion rendered and referred to herein, this court specifically denied relief under a writ of certiorari upon the ground and for the very reason that the plaintiffs had a plain and adequate remedy at law by appeal. Plaintiffs appeared before the superintendent by their counsel and protested against the proposed transfer and had notice of all orders, according to the specific findings to that effect by the trial court, and apparently were in no wise prevented from following the statutory provisions relating to appeal.

Pettis v. Johnston, 78 Okla. 277, 190 Pac. 681, and other cases from this court are cited wherein it was held in effect that:

"Where the record affirmatively discloses that the court was without power to make the order or decree it assumes to make, such order or decree is void and subject to collateral attack."

One of the cases chiefly relied upon by plaintiffs is Consolidated School District No. 72 v. Board of Ed., City of Wilson, 113 Okla. 217, 242 Pac. 173, wherein it was held that an order made by a county supertendent, detaching certain territory from a school district upon a petition signed by a number less than that required by statute, was void, and reversed the order of the trial court in overruling a demurrer to plaintiff's petition. The facts and record in that case are different from those in the instant case. In that case the school district affected by the transfer availed itself of its statutory remedy by appealing from the order of the county superintendent to the board of county commissioners, and when the commissioners sustained the order appealed from, the affected school district filed an action in the district court and obtained a writ of certiorari to test the validity of the order appealed from. In the instant case, the parties plaintiff bring the action as private citizens. They did not appeal from the order complained of, but first filed an action in the district court, later an original one in this court, and finally this action. In the meantime, no appeal having been taken from the order complained of, the school and county authorities apparently considered and acted upon the order and transfer as valid and final and pupils from the territory transferred have been attending school in district No. 3, taxes having been levied, collected, and moneys expended and paid out thereunder.

Plaintiffs contend that the order of August 27th and subsequent proceedings in the matter were wholly void because of the action of the signers in filing their written request to withdraw their names from the original petition; that such act deprived the superintendent of all jurisdiction in the matter, and that no further action could be taken towards the transfer except upon a new petition. It was held in Mills v. Lynch, County Supt., 121 Okla. 101, 247 Pac. 981, and School District No. 24 of Custer Co. v. Renick, Co. Supt., 83 Okla. 158, 201 Pac. 241, that a signer had a right to withdraw his name from a petition, such as is here involved, at any time before the petition is acted upon; however, the instant case relating to withdrawal from the petition presents additional facts and questions to the one there presented. Plaintiffs in their argument say they have been unable to find a case dealing with the precise question, but quote from the case of Armstrong v. Ogden City (Utah) 43 Pac. 119, and say that there is no difference in the principles there and here involved. While some of the reasoning and language used in that case would tend to support the contention made by the plaintiffs here, yet we are of the opinion that, by reason of a difference in the facts and in the statutory law involved in each case, they differ in principle. The Utah case involved a matter of paving, it being held in part in that case:

"Where objections have been filed by the owners of more than half of the abutting property, the withdrawal of objections after the time fixed for the hearing does not

give the council jurisdiction to order the improvement, but a new proceeding must be instituted."

It is apparent that the statute under which the city was there acting provided for a fixed or definite date for hearing on protests, and that the city council did not acquire jurisdiction until after the date for filing protest, it being stated in the body of the opinion:

"The statute plainly provides that, if sufficient objections are not filed within the time required, the city council shall be deemed to have acquired jurisdiction"

—and while the opinion does not indicate just what weight, if any, was given by reason thereof, it is stated therein:

"The city council thereupon, without publishing a new notice of intention, proceeded to change the paving from macadamizing, as specified in the notice, to asphaltum and sandstone, and confined the competition to do the work, to residents of the city. * * * More than a year after the publication of the notice of intention, the city council adopted an ordinance creating paving district No. 2."

It would appear under the statute applicable to the instant case that the county superintendent was vested with jurisdiction when a sufficient petition was filed and proper notice given, and it appears from the record that at the time the first notice was given, a sufficient and proper petition had been filed with the superintendent.

Section 10462, C. O. S. 1921, primarily relates to and provides the procedure for establishing a consolidated school or district, but contains the following material proviso which concerns and authorizes the attaching of territory to a consolidated district and is the proviso under which the superintendent was proceeding:

"Provided, that all or a part of any district adjacent to a consolidated district shall be attached to and become a part of such consolidated district upon petition to the county superintendent signed by a majority of the legal voters of such territory desiring to be attached and by the board of directors of such consolidated district."

As was said in the opinion in Gregg v. Hughes, supra, relating to the particular proviso:

"There is no requirement therein that any kind of notice shall be given anyone or in any manner. It authorizes attaching any part or all of an adjoining school district to a consolidated school district upon petition. There is no provision as to the details of how it shall be done."

However, it was held in that case that the particular proviso must be read and construed in connection with section 10472, C. O. S. 1921, which section provides that in the absence of specific enactment in matters pertaining to consolidated school districts, the general law relating to other school districts should be applicable. Also, with section 10321, C. O. S. 1921, which reads in part:

"It shall be the duty of the county superintendent of public instruction to divide the county into a convenient number of school districts and to change such districts when the interests of the people may require it, by making them conform to existing topographical or physical conditions; but only after 20 days' notice thereof, by written notice posted in at least five public places in the district or districts so affected; * * * provided, that the qualified electors of any district affected by such change may join in an appeal to the board of county commissioners from the action of such county superintendent; * * * provided, further, that notice of such appeal shall be served on such county superintendent, within ten (10) days after the time of posting the formation or alteration of such district. Such notice shall be in writing, and shall state fully the objections to the action of such county superintendent, a copy of which shall be filed with the county clerk, and also with the clerks of all the districts affected by such alteration, and such appeal shall be heard and decided by a majority of the board of county commissioners at their next regular meeting. * * *"

It will be observed from the language of the statute that no specific provision is made for any formal hearing, or the taking of testimony in the matter of attaching the territory before acting on the petition, nor does the statute require that the petition be acted upon within any specific time, but only provides that the change shall not be made until after 20 days' notice thereof, and that an appeal may be taken from the action of the superintendent within ten days after the time of posting the formation or alteration of the district.

In the case of State ex rel. Atty. Gen. v. Sullivan, 80 Okla. 81, 194 Pac. 446, it was contended that, where the county superintendent called an election for the purpose of voting upon consolidation, and later withdrew the call and notice of such election because of insufficient petitions and part of the petitions remained in the office of the superintendent while a new petition or additional signers were obtained and filed supplementing the others, second call and notice

could not be legally made without entirely new petitions, and the court there held:

"Under the legislative provisions (sec. 10462, C. O. S. 1921) supra, a second meeting of the voters of any two or more adjacent school districts, or parts of districts or territory, may be called for the purpose of voting on the proposition of uniting, for the purpose of establishing a consolidated school, said call to be made by the county superintendent of public instruction upon petition signed by one-half of the legal voters residing in each district of the territory proposed to be included in the consolidated district, without new petitions, when the first meeting ordered was invalid for the reason that one of the three petitions did not contain, when first presented, the signatures of one-half of the legal voters in said district"

—and in the body of the opinion in that case will be found a discussion on the question of whether the petition became functus officio by reason of the first order or notice thereon, which language and reasoning thereon we consider more applicable to the facts in the instant case and controlling on the question of the sufficiency of the petition finally acted upon than the Utah paving case, supra, cited and relied upon by the plaintiffs:

While the superintendent entered an order on the 27th attaching the territory as prayed for in the original petition, yet final action was not taken or had thereon on that date, such as is contemplated and provided by section 10321, supra, by the posting of notice of the formation or attaching of such territory to the consolidated district. From the applicable statutes it was not mandatory on the superintendent to finally pass upon or dispose of the matter on August 27th; she might have waited until a later date to decide or finally act thereon. In the order of August 27th it was specified that notice of such change should be given and posted for a period of ten days, but no such notice is shown to have been posted until after the September 1st order. On the 29th, the superintendent entered an order vacating her former order of the 27th and continued the hearing until September 1st, and then entered an order in effect similar to her previous order of the 27th, and caused notice to be posted of the change in the territory as made under her order of September 1st.

It does not affirmatively appear from the order of August 27th that the petition acted upon did not contain a majority of the signatures of the legal voters of the territory affected even had the names of the 20 protestants been stricken therefrom. Such fact

appears only from the later order made and entered on September 1st, wherein the superintendent specifically found that there were 100 legal voters in school district No. 51. The superintendent presumably found that 13 of the parties who signed the protest against the change with request to withdraw their names from the original petition were induced to do so on the ground of misrepresentation and fraud as alleged by them in their petition presented to the superintendent on August 31st. If, in fact, the withdrawal of their names was procured by fraud, such fact should be considered in determining the question of the sufficiency of the petition and the validity of the withdrawal. There appears to be no question but what more than a majority of the legal voters of school district No. 51 were in favor of attaching the territory to consolidated No. 3, and that they signed a petition praying for the change and desired such transfer when the petition was finally acted on.

In the case of Perry, County Treas., v. Carson, 61 Okla. 263, 161 Pac. 175, the plaintiff contended that the proceedings which resulted in an assessment of taxes, sought to be enjoined against him, were wholly void, and therefore injunction was his proper remedy, but the court held adversely to the contention and stated in the body of the opinion:

"We are unable to agree with the contention of plaintiff that the proceedings resulting in the assessment of taxes complained of were void, for the reason that the statute gave the county treasurer jurisdiction to act upon the report of the tax ferret and the objections filed thereto. Plaintiff, having filed objections, thereby appeared before the county treasurer and cannot complain of want of notice. If the treasurer had jurisdiction to act upon his objections, the fact that he may have acted without considering the evidence, and upon the judgment of another, would constitute an erroneous proceeding only, and not a void one, had the statute above quoted required the treasurer to hear evidence, which it does not. * * *

"The statute under which this assessment was made provides: 'An appeal may be taken to the county court from the final action of the treasurer, within ten days.' It thus appears that if the county treasurer acted upon insufficient evidence, or upon no evidence, as contended in the brief of plaintiff, the Legislature had provided a means of review of the action of the county treasurer of which plaintiff might avail himself."

We are unable to agree with the contention of the plaintiffs that the order or orders

complained of are wholly void on their face or under the record. We do not think the record in the instant case brings it within the statement and finding contained in the syllabus of the case of Consolidated School District No. 72 v. Board of Ed., City of Wilson, supra, wherein it is stated:

"However, the order of the county superintendent on the original hearing, as well as the order of the board of commissioners, shows on its face that a number less than that required by statute signed the petition requesting that said territory be detached from such district."

This court has frequently held that equitable relief, such as injunction, will not be granted where the complaining party has a plain, adequate, specific remedy at law.

"Where persons have a plain, sufficient and adequate remedy at law, they are not entitled to invoke the extraordinary remedy of injunction." Stoner v. Hyde, 82 Okla. 5, 198 Pac. 328; Lowrimore v. Board of Comr's of Latimer County, 113 Okla. 109, 239 Pac. 454.

"The powers of a court of equity cannot be invoked where it is clear from the facts pleaded in the petition that the plaintiff had a plain and adequate remedy at law, and by his own laches or neglect failed to avail himself thereof, and no valid cause or excuse is shown for such failure or neglect." Worley, Sheriff, v. Mundell, 123 Okla. 237, 253 Pac. 42. See, also Miller v. White, 129 Okla. 184, 265 Pac. 646.

Relief by injunction was granted in the case of School District No. 17, Rogers County, v. Eaton, Co. Supt., 97 Okla. 177, 223 Pac. 857, but there, as in most of the other cases in which the complaining party was successful, the superintendent was arbitrarily acting without petition or giving any notice. While the case of Fowler, Co. Supt., v. Park, 79 Okla. 1, 190 Pac. 668, and many other cases following it, involved the question of the formation and legal existence of a consolidated school district, yet we call attention to the rule therein announced as showing the trend of the court to restrict and require litigants to avail themselves of statutory rather than equitable remedies, it being held in that case:

"After a municipal corporation, such as consolidated school district, has been organized; quo warranto is the proper remedy to determine the question of its legal existence or the validity of its organization. The courts are without power so to do by injunction, or to restrain existing officers from exercising their proper functions."

In Davis, Co. Supt., v. Whitehead, 86 Okla. 273, 208 Pac. 216, it is held:

"In the absence of a statute authorizing the action, the courts of this state will not interfere with the action of the superintendent of public instruction or the people in calling and holding an election for the purpose of forming a consolidated school district, unless fraud, corruption, oppression, or gross injustice is clearly shown"

—and in the body of the opinion there is quoted with approval the following:

"In 35 Cyc., page 835, the rule is announced to the effect that courts will not interfere with the action of school officials in forming or altering school districts except in cases of fraud, corruption, oppression, or where gross injustice is clearly shown. Where an appeal may be taken from the action of an official forming or altering school districts, the weight of authority appears to support the rule that the remedy by appeal is exclusive and the courts will not interfere with the action of public officials in forming such districts."

Equitable relief may be granted in a case of this character if the facts and equities warrant, but we find no well defined, fixed rule thereon, and the facts in each case are largely determinative on the question of the relief to be granted. We find little in the present action that would appeal to the equity powers of the court.

In view of the previous holding in the original action filed in this court, and in consideration of all the facts and the record in the present action, we are of the opinion that the plaintiffs have not been deprived of any substantial right, and find no reversible error in the ruling and action of the trial court. Therefore, its judgment is affirmed.

BENNETT, TEEHEE, REID, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.