## MERCER et al. v. AMERICAN OIL & REFINING CO. et al.

No. 23994. Sept. 17, 1935.

516

McKeown & Green, for plaintiffs in error.

B. C. King and W. A. Delaney, Jr., for defendants in error.

GIBSON, J. This action was commenced in the district court of Pontotoc county by J. W. Mercer and Minnie Mercer, referred to herein as plaintiffs, against American Oil & Refining Company, a corporation, et al., referred to herein as defendants, to cancel an oil and gas lease as to a certain portion of the land covered thereby for breach of implied covenants of further development.

The facts as established by the pleadings and evidence are substantially as follows: Plaintiffs executed the lease in question to defendant as of date of October 18, 1925, for a period of five years and as much longer thereafter as oil or gas is produced. The land covered consisted of 100 acres less 5.28 acres for railway right of way; and the lease provided for the usual delay rentals in the event no well was commenced within the time specified in the lease. In 1927 a paying gas well was completed. Defendant ceased development and paid no more delay rentals, but paid plaintiffs the proper royalty on the gas well.

Approximately three years after the well was completed, plaintiffs notified defendant to resume development or surrender the lease, except ten acres under and adjacent to the well. This the defendant refused to do, saying it did not intend to abandon the undeveloped portion. That the present market price of gas would not justify a reasonably prudent operator in drilling other gas wells, but it was ready and willing at all times to commence further operation when the price of gas justified the necessary expenditure.

There was evidence that the land possessed a potential oil value in lower strata, but the cost of prospecting for oil was not justified on account of the low price of oil.

This action was commenced a short time prior to the expiration of the fixed term of the lease.

The cause was tried to the court without a jury. Judgment was rendered for defendant, and plaintiffs appeal.

Plaintiffs say the evidence is not sufficient to uphold the judgment of the trial court.

In such case it is the duty of this court to weigh the evidence and determine which of the parties is favored with the clear weight thereof. Renas v. Green, 88 Okla. 169, 212 P. 755; Wimberly v. Winstock, 46 Okla. 645, 149 P. 238.

The defendant, as lessee, was bound by the implied covenant to test and develop the leased premises with reasonable diligence, and said implied covenant applies as well during the fixed term of the lease as where the lease is held by the production clause after the fixed term has expired. Indiana Oil, Gas & Develop. Co. v. McCrory, 42 Okla. 136, 140 P. 610; Cotner v. Mundy, 92 Okla. 268, 219 P. 321; Donaldson v. Josey Oil Co., 106 Okla. 11, 232 P. 821; Fox Petroleum Co. v. Booker, 123 Okla. 276, 253 P. 33. Equity may decree cancellation of an oil and gas lease in whole or in part for violation by the lessee of conditions growing out of implied covenants to diligently develop the leased premises, and may decree cancellation of the lease as to such portion of the premises as have been abandoned by the lessee; and abandonment is largely a question of intention, and such intention may be implied from the acts and conduct of the lessee as well as from express declarations. Fox Petroleum Co. v. Booker, supra; Robinson v. Miracle, 146 Okla. 31, 293 P. 211.

Cases of this character must be determined upon the particular facts and variety of circumstances surrounding each case. Whatever, under the circumstances, would be expected of a reasonably prudent operator, having regard at all times for the interests of both lessor and lessee, is what is required.

That there was no intention on the part of the defendants to abandon the lease in the present case is clearly revealed by the evidence. Cancellation depends, therefore, upon whether there was in fact a breach of the implied covenant to diligently develop the premises. The method to be employed and the character of facts and circumstances to be considered in determining this question are defined in former decisions of

this court, among them, Robinson v. Miracle, supra, wherein it is said:

"* * * Each time an effort is made to cancel a lease for breach of the implied covenant to diligently develop and produce oil and gas lease premises is controlled by its own facts. Neither lessor nor lessee may presume arbitrarily to determine of what diligence should consist, what a reasonable operator should do under the circumstances having in mind that the purpose of the contract is the mutual benefit of the landowner and the operator, that the landowner might receive within a reasonable time the benefits, the profits, from the minerals which may be extracted from under his premises, and that the operator might make a profit on his operations of the premises. The lessee is not required to drill additional wells where the probability of his making a profit on the further operations is small. However, the lessee will not be permitted to delay unduly further drilling operations after production is obtained because of his caprice and arbitrary determination that he could make more money by deferring his further drilling operations. * * *"

The trial court has determined from all the circumstances, giving consideration to the mutual benefit of the plaintiffs and defendants, that the plaintiffs will, in a reasonable time, receive the benefits from the minerals to be produced, and that the defendants were not guilty of unreasonable delay in view of the fact that there existed little probability of profit in further drilling. This determination is not against the clear weight of the evidence, and the judgment will be affirmed.

McNEILL, C. J., and RILEY, PHELPS, and BAYLESS, JJ., concur.