### STANOLIND PIPE LINE CO. et al. v. EXCISE BOARD OF LINCOLN COUNTY.

No. 29121.   Sept. 12, 1939.

Mastin Geschwind, for plaintiffs in error.

Frank McVey, Co. Atty., and P. D. Erwin, for defendants in error.

RILEY, J. This is an appeal from a judgment of the Court of Tax Review involving a levy made by consolidated school district No. 1, of Lincoln county, wherein is located the incorporated town of Wellston.

The levy here protested is for an item of $600 appropriated for superintendence of the separate school conducted within said district for the fiscal year ending June 30, 1939. Three hundred dollars of the appropriation was estimated as coming from the secondary aid fund of the state. The $300 protested was to be raised by taxation for separate schools.

The validity of the appropriation depends upon whether consolidated school district No. 1, Lincoln county, is an independent district within the meaning of section 6853, O. S. 1931. If the district is an independent school district, the levy in question is authorized by section 7040, O. S. 1931, as amended by section 1, art. 13, ch. 34, S. L. 1936-37.

This cause was tried in the Court of Tax Review under the same record as made. in Excise Board of Lincoln County et al. v. St. Louis & S. F. Ry. Co. et al., No. 29120, 185 Okla. 436, 93 P.2d 1081. The Court of Tax Review held the district to be independent and denied the protest, and potestant appeals.

We affirmed the Court of Tax Review in holding the district to be an independent district in case No. 29120, supra. We deem it unnecessary to review the question here.

The defendants in error earnestly contend that for the purpose of this case the school district is independent. They as earnestly contend that for the purposes involved in the St. L. & S. F. Ry. Co. Case the district is a consolidated district. It cannot be both. It must be one or the other for all purposes. St. L. & S. F. Ry. Co. v. Bonaparte, 142 Okla. 177, 286 P. 343.

Protestant contends that even though the district be considered as independent, the levy is invalid for the reason that the excise board had nothing before it to show that the $600 was a reasonable pro rata share of the cost of superintendency, supervising, and administering such separate school.

This we think is without merit. There is no requirement that the total expense of superintending and administering the schools and school system of the independent district be so itemized as to show conclusively the proper pro rata share of each. The board makes its estimate, and if it is approved by the excise board and protestant claims that the estimate is too high as to the pro rata share of the separate school, he may make his showing before the Court of Tax Review.

The evidence before the court did not show the appropriation to be excessive. The salary of the superintendent was $2,825. The attendance in the separate school the previous year was substantially 24 per cent. of the total average attendance in the whole district. Twenty-four per cent. of the superintendent's salary alone would be more than the $600 appropriated, saying nothing of other expense of supervising and administering the separate school.

The judgment of the Court of Tax Review is affirmed.

OSBORN, CORN, GIBSON, HURST, DAVISON, and DANNER, JJ., concur. BAYLESS, C. J., and WELCH, V. C. J., dissent.