## EXCISE BOARD OF LINCOLN COUNTY v. ST. LOUIS-SAN FRANCISCO RY. CO.

No. 29120.    Sept. 12, 1939.

Frank McVey, Co. Atty., of Lincoln County, and P. D. Erwin, for plaintiff in error.

Cruce, Satterfield .& Grigsby, for defendant in error.

RILEY, J. The defendants in error, hereinafter referred to as protestants, protested several items of the tax levy of Lincoln county for the fiscal year commencing July 1, 1938. All the items protested were settled before trial in the Court of Tax Review except two. One of these was an item of $300, one-half of an estimate made by the school district in which the town of Wellston is located for expense in superintending the separate school within said district located in the town of Wellston. The other one-half was supposed to be paid out of the secondary aid fund furnished by the state.

The other item is one providing a levy for the sinking fund of said school district for the same year.

The ground of protest as to the latter item is in substance that the amount found necessary for sinking fund requirements for the year, including an allowance for delinquent taxes, was $7,724.87. That the rate of levy necessary to raise said amount if all the taxable property within said district had been included would have been but 11.993 mills per $1 valuation, but, in computing the levy, the taxing authorities had excluded from consideration all the property within the limits of two former common school districts, Nos. 32 and 33, which had been annexed to the school district after the bonded indebtedness for which the levy was being made had been incurred; that by reason of the omission of said territory, the rate of levy found necessary was 15.75 mills; that the rate thus applied was illegal and excessive as applied to protestant's property and all other taxable property within the school district other than that included in the two former school districts Nos. 32 and 33 to the extent of 3.753 mills.

The Stanolind Pipe Line Company et al. also protested the first of the above items. The two protests were tried together before the Court of Tax Review upon the same evidence and stipulation.

The Court of Tax Review denied the protest as to the item for expense of superintending the separate schools, as to both protestants, and sustained the protest of the St. L.-S. F. Ry. Co., and its trustees, as to the sinking fund item, and ordered the levy reduced 3.43 mills, and directed that the levy as so reduced be extended to and spread against and collected from all the property located within the territorial limits of said disorganized districts 32 and 33.

The railroad company and its trustees did not appeal from the order denying the first item of its protest. That item is not before us in this appeal. The county and excise board appeal from the order sustaining the protest as to the sinking fund levy.

The question involved is whether the school district involved is an independent district within the meaning of section 6853, O. S. 1931, §181, title 70, Okla. Stat. Ann., taken in connection with other applicable provisions of the statutes relative to school districts.

From the record in this case it appears that in 1920, five school districts in Lincoln county, known as school districts Nos. 56, 57, 127, and 128, by an election duly held, were disorganized and included in a school district denominated as consolidated school

district No. 1, of Lincoln county. Declaration to that effect was made by the county superintendent of Lincoln county, dated June 25, 1920. That prior to that time school district No. 128 was comprised of the incorporated town of Wellston and 1,760 acres outlying territory, and had been maintaining a four-year high school fully accredited with the State University, and at all times since the creation of said "Consolidated School District" the district thus formed has maintained such a high school, and the town of Wellston has at all times since been an incorporated town within said district. Shortly after the formation of said school district, school building bonds in the sum of $57,500 were authorized and issued by said district. Thereafter refunding bonds were issued by the district as thus formed in the sum of $20,000. It was to meet sinking fund requirements for this bonded indebtedness that the levy here involved was made.

In June, 1929, after the bonds were issued, the territory embraced within common school district No. 33 was annexed. School district No. 32, partly in Lincoln county and partly in Logan county, was annexed in 1927, also after the bonds were issued.

The procedure for the annexation of districts Nos. 32 and 33 was upon petition to the county superintendent signed by a majority of the legal voters of such territories, respectively, and by the "Board of Education of the Town of Wellston (otherwise known as Consolidated District No. 1)", as provided by section 6915, O. S. 1931. Said school district, after its organization until about 1937, had a separate treasurer. Ever since its organization the district has conducted its schools, managed its business, and has maintained numerous suits in the name of the board of education of the town of Wellston otherwise known as consolidated school district No. 1, of Lincoln county, and has assumed to act as a consolidated district, and as an independent district.

The question was submitted to the Court of Tax Review, and its findings as they affect this appeal were:

"The court further finds that said school district, by such appropriation, has attempted on the one hand to operate as an independent district in making the appropriation for supervisory expense in the separate schools; and, on the other hand, has attempted to operate as a consolidated district in calculating the sinking fund levy necessary to care for the needs of bonds issued by such school district prior to the annexation of the territory contained in disorganized districts 32 and 33.

"The court further finds, from the facts adduced, that said district is, and has been

for a long time, operating as a board of education district, exercising all the powers of an independent district; and that the same is an independent district; * * * that said district being an independent district, the appropriations upon which levies shall be spread for the sinking fund of said school district, to pay for bonds issued prior to the annexation of disorganized districts 32 and 33, should be spread over the territory comprising such disorganized districts 32 and 33; and that the excise board failed to do this; and that the valuation as used, excluding such territories, of $504,484, should be increased to $643,899; and the levy for sinking fund purposes should be reduced by the amount of 3.41 mills under said 12th cause of action, reason 1; and said levy, as reduced, should be certified to the county assessor by the proper officials of said county (and spread over the territory formerly comprising disorganized school districts 32 and 33.)"

Judgment was entered accordingly, and the county and county excise board appeal.

It is apparently conceded that if the district is an independent district, the judgment of the Court of Tax Review is correct to the extent it holds that all the taxable property within the whole district should have been taxed for the sinking fund.

It is well settled, except for what is said in St. Louis-S. F. Ry. Co. v. Bonaparte, 142 Okla. 177, 286 P. 343, that territory comprising an entire common school district may be annexed to an independent district composed of a city or a town and adjacent territory, and that when so done all property within the territory so annexed is subject to taxation to pay its full proportion of all legal bonded indebtedness existing against such independent district at the time of the annexation. Common School Dist. No. 49 v. Wolfe, 94 Okla. 87, 221 P. 42; St. L.-S. F. Ry. Co. v. Comanche County, 136 Okla. 265, 277 P. 932; Protest of St. L.-S. F. Ry. Co., 164 Okla. 229, 23 P.2d 699.

The rule is based upon the provisions of section 10405, C. O. S. 1921, O. S. 1931, § 6860, title 70, § 182, Okla. St. Ann. None of those cases, however, involve a consolidated district as such or a consolidated district claimed to be an independent district.

In St. Louis-S. F. Ry. Co. v. Bonaparte, supra, it is said:

"It will be noted at the outset that there is no such thing as 'independent school district No. 4'. If the district in question was 'independent' by reason of it having as a part of its territory a town, the title would be 'Board of Education of the Town of _____'. Its adopted name is 'Consolidated School District No. 4'. It may have been organized by the consolidation of two or more common

school districts, or one or more of them may have been an independent school district prior to their consolidation, but, when they were consolidated, there was created a consolidated school district with all the rights, privileges, and obligations of a consolidated school district, and the school districts theretofore existing ceased to exist."

It was therein held:

"Where a consolidated school district, whether it is classed as an independent school district or not, having an indebtedness evidenced by bonds, annexes an entire school district, the property comprising the school district annexed to the consolidated school district is not subject to an ad valorem tax levy for the purpose of paying the interest on or creating a sinking fund to retire the bonded indebtedness of the consolidated school district, existing at the time of the annexation."

But in that case it does not appear that there was an incorporated town within the district wherein there was maintained a four-year high school fully accredited with the State University. But it was said in effect that this would not alter the situation. We find no specific statutory provision for consolidated school districts becoming an independent district.

In Harp v. Consolidated School District No. 1, Garfield County, 115 Okla. 48, 241 P. 787, a case where the question was "whether or not the town of Waukomis and the territory included in the school district constitute an independent school district," it was said:

"The plaintiff's testimony was to the effect that he had taught the year previous in the school of the town of Waukomis, and that the school was conducting a four-year high school course fully accredited with the State University; also that the town of Waukomis had been an incorporated town for five years with a regularly organized town government. It seems that plaintiff's evidence established every fact required by the statute for the town of Waukomis to become and be an independent school district."

It will be seen that in that case a consolidated school district, apparently organized as was the one in the instant case, and sued as such, was an independent school district. This case seems to have been entirely overlooked in the Bonaparte Case, supra.

Another matter overlooked in the Bonaparte Case was the statutory provision with reference to what constitutes the school board in independent districts, not cities of the first class. Section 10409, C. O. S. 1921, O. S. 1931, § 6864, Title 70, § 186, Okla. St. Ann., among other things, provides:

"Provided, further, that boards of educa-

tion in independent districts, not cities of the first class, shall consist of three members, to be selected by the district at large, at the same time and in the same manner as school district officers."

Section 6853, O. S. 1931, provides:

"Each city of the first class, and each incorporated town maintaining a four years high school fully accredited with the State University, shall constitute an independent district and be governed by the provisions of this article."

This by its terms does not specifically include consolidated school districts, neither does it specifically exclude them.

Section 6927, O. S. 1931, Title 70, § 258, Okla. St. Ann., provides:

"In all matters relating to consolidated school districts, not provided for in the preceding sections, the law relating to school districts shall be in force where said laws are applicable."

Section 6853, supra, relates to school districts generally and there appears to be no reason why it should not be applicable to consolidated school districts coming within the requirements thereof, as to having an incorporated town therein wherein a four years high school fully accredited with the State University is maintained. See Gregg et al. v. Hughes, 89 Okla. 168, 214 P. 904, and Darnell v. Higgins, 140 Okla. 31, 282 P. 132, for the application of general provisions of the school code to consolidated districts under the provisions of section 6927, supra. Under sections 6853 and 6927, O. S. 1931, considered together, a consolidated school district meeting the general requirements of section 6853 may be or become an independent district. It follows that the Court of Tax Review was correct in holding the school district to be independent, and that the property within the former districts Nos. 32 and 33 was subject to taxation for sinking fund of the independent district. We do not disapprove the holding in the case of St. L.-S. F. Ry. Co. v. Bonapare, supra, in so far as it holds that the school district there involved was not an independent school district, because in that case there was no showing of the maintenance of a four-year high school fully accredited with the State University. But in so far as said case holds or intimates that in no case can a consolidated school district be or become an independent school district, and in so far as it holds or intimates that the board of education of independent districts other than in cities of the first class must be composed of a member from each ward of a town and one from the outlying territory, the same is hereby overruled and disapproved. The judg-

ment of the Court of Tax Review, in so far as it reduces the levy complained of 3.43 mills, is correct, but we doubt the power of the Court of Tax Review, or this court on appeal from the Court of Tax Review, to order the levy, as reduced, spread over and against the property within the two former districts, particularly that part of former school district No. 32 lying within Logan county. Neither the board of county commissioners nor the excise board of Logan county was made a party to these proceedings. The county assessor may correct the tax rolls after a protest has been determined by the Court of Tax Review, or by this court on appeal, where the same have not been turned over to the county treasurer. but not thereafter. Initiative Pet. No. 100, § 5, title 68, §§ 335, Okla. St. Ann., O. S. 1931, § 12309. The judgment reducing the levy 3.43 mills is affirmed. That part of the judgment directing the levy to be spread over additional territory is disapproved, and the judgment is modified accordingly.

OSBORN, CORN, GIBSON, HURST, DAVISON, and DANNER, JJ., concur. BAYLESS, C. J., and WELCH, V. C. J., dissent.