## GREGG et al. v. HUGHES et al.

No. 14141—Opinion Filed April 17, 1923.

(Syllabus.)

1. **Courts—Jurisdiction of Supreme Court —Certiorari.**

Section 2, art. 7, of the Constitution vests this court with original jurisdiction to issue the writ of certiorari.

2. **Same—Right to Remedy.**

In the absence of other remedy, the common-law writ of certiorari is valuable to review the question of jurisdiction, power, or authority to perform acts or enter orders which are judicial or quasi judicial in their nature; and under such circumstances this court will take original jurisdiction when invoked, where the acts complained of are publici juris.

3. **Schools and School Districts—Consolidated District—Attaching Adjacent Territory—Notice.**

That part of section 1, art. 7, ch. 219 of the Session Laws of 1913, as amended by Session Laws of 1917, page 473, which is: "Provided that all or a part of any district adjacent to a consolidated district shall be attached to and become a part of any consolidated district upon petition to the county superintendent signed by a majority of the legal voters of such terrritory

desiring to be attached, and by the board of directors of such consolidated district," authorizes the county superintendent to attach a part or the whole of an adjoining school district to a consolidated district, but the notice required to be given by section 11, art. 2, ch. 219, Session Laws of 1913, as amended by the Session Laws of 1919, page 319, is jurisdictional, and no authority exists to enter such order unless the notice by said section provided is first given.

4. **Same — Lack of Notice—Invalidity of Orders.**

No notice having been given in the case at bar, the order of the county superintendents of Garvin and Murray counties, entered September 29, 1922, attaching the strip of territory in question of district 32, Garvin county, to consolidated district 1 of Murray county, is void, and the same is vacated, set aside, and held for naught.

Certiorari by E. T. Gregg and others against Roxie Hughes and another. Writ sustained.

Blanton & Osborn, for plaintiffs in error.

H. G. Butts, and Mac Q. Williamson, for defendants in error.

BRANSON, J. In February, 1923, the petition of the plaintiffs, numerous resident citizens and taxpayers and patrons of school district No. 32 of Garvin county, Okla., and of the strip herein mentioned detached therefrom, was filed in this court, invoking its original jurisdiction, for a writ of certiorari to the defendants, the county superintendent of schools of Garvin county, and the county superintendent of schools of Murray county, Okla., to quash, vacate, and set aside an order entered by the defendants detaching a certain portion of school district No. 32 of Garvin county and attaching the same to consolidated school district No. 1 of Murray county, Okla.

The material facts pleaded by the plaintiffs, resulting in the order which this writ is sought to vacate and set aside, summarized, in substance, are: That prior to September, 1922, on petition filed with the county superintendent of Murray county, consolidated school district No. 1 was formed, and that this district is on the border line between Murray and Garvin counties, and that on September 18, 1922, upon petition filed with the county superintendents of Murray and Garvin counties, praying that certain portions of certain sections adjoining school district No. 1 of Murray county but being a part of school district No. 32 of Garvin county, be detached from said school district No. 32 and attached to said consolidated district No. 1, and that without notice to the plain-

tiffs or to the residents, voters, taxpayers, officers, or patrons of school district No. 32, and on the 29th of September, 1922, the said defendants, superintendents of the said Murray and Garvin counties, without any hearing or any notice, made an order, which was duly placed of record, as provided by law, detaching the said territory or strip from said school district No. 32 and attaching the same to said consolidated school district No. 1, and that said order made by said superintendents is wholly void, for the reason that no notice of any kind or character, as required by law, was given, which was a prerequisite to the jurisdiction and authority of said officers to enter said order.

The question raised has not heretofore been passed on by this court.

Objection is made to the exercise of the original jurisdiction of this court by the defendants, for the reason that application was made to the district court of Garvin county for the writ now sought in this court, and the said court refused to entertain it, and dismissed same for want of jurisdiction. The defendants contend that the plaintiffs here, being the same as the plaintiffs there, should have appealed from said order of the district court of Garvin county.

This court has original jurisdiction to issue the writ of certiorari, among other writs, by reason of section 2, art. 7, of the Constitution of the state, which says in relation thereto:

"The original jurisdiction of the Supreme Court shall extend to a general superintending control over all inferior courts and all commissions and boards created by law. The Supreme Court shall have power to issue writs of habeas corpus, mandamus, quo warranto, certiorari, prohibition, and such other remedial writs as may be provided by law, and to hear and determine the same."

Plaintiffs in their petition recite, and it is not drawn into question by the defendants, that they have fully complied with rule 15 of this court, and under the facts pleaded the mere fact that the district court of Garvin county refused to entertain jurisdiction and hear the matter on its merits— this being a matter in which the public has an interest, the original jurisdiction of this court is not destroyed because application was made to the district court and the said court refused to entertain the same. State ex rel. Freeling v. Ross, 76 Okla. 11, 183 Pac. 918; Clark v. Warner, 85 Okla. 154, 204 Pac. 929.

The plaintiffs are met also at the inception of this case by a motion to dismiss the petition, for the reason that certiorari will not lie in this cause.

In the absence of other remedy, the common-law writ of certiorari will lie to review the question of jurisdiction, power, and authority to perform acts or enter orders which are judicial or quasi judicial in their nature, such as are the acts in question here. Wulzen v. Board of Supervisors (Cal.) 35 Pac. 353; People v. Featherstonehaugh (N. Y.) 64 N. E. 802; Note, 30 L. R. A. (N. S.) 321; Barry v. Blackhawk Co., Dist. Crt. (Iowa) 149 N. W. 449; Woolsey et al. v. Nelson, 43 Okla. 97, 141 Pac. 436; King et al. v. O'Reilly, 83 Okla. 297, 201 Pac. 641; Davis v. Whitehead, 86 Okla. 274, 208 Pac. 216.

There was no other remedy left, for that the ordinary statutory provision of appeal was lost because of no fault or negligence on the part of plaintiffs, but because no notice was given. Note, 40 A. S. R. 30, and cases there cited; 11 C. J. page 177.

In the case of Fowler v. Park, 79 Okla. 1, 190 Pac. 668, this court held that injunction would not lie in a proceeding of this character. Quo warranto is not available, because no attack is made upon the formation and existence of consolidated district No. 1 or the right of the officers to function.

It follows, therefore, that the motion to dismiss the petition must be denied.

This brings us to the merit of the question which is raised. The defendants have waived the issuance of the writ, and no issue is raised except one of jurisdiction of the defendants to enter the order attaching a part of school district No. 32 of Garvin county to consolidated district No. 1 of Murray county.

If the notice required by section 11 of article 2, chapter 219, Session Laws of 1913, as amended by Session Laws of 1919, page 319, to be given before the county superintendent has jurisdiction to order boundaries of common school districts changed, is required before the superintendent has jurisdiction to enter an order attaching "all or a part of any district," etc., adjacent to a consolidated district, under the proviso in section 1, article 7, chapter 219, Acts of 1913, as amended by Acts of 1917, page 473, then the act of the defendants in entering the order complained of was void, the writ must be sustained, and the said

order of the defendants vacated, and the strip detached restored to district No. 32 of Garvin county. School District No. 44, Caddo Co. v. Turner, 13 Okla. 71, 73 Pac. 953; Cleveland v. School District No. 79, Grady County, 51 Okla. 69, 151 Pac. 577; King et al. v. State ex rel. O'Reilly, 83 Okla. 297, 201 Pac. 641.

In the school code enacted in 1913. there are at least two outstanding divisions— the law which primarily concerns the common school district, and the law which primarily concerns the consolidated district. The statute giving rise to this controversy is found as a part of section 1, art. 7, ch. 219. Session Laws of 1913, as amended by the Session Laws of 1917, page 473. The said part in question is in the form of a proviso, and is:

"Provided, that all or a part of any district adjacent to a consolidated district shall be attached to and become a part of any consolidated district upon petition to the county superintendent signed by a majority of the legal voters of such territory desiring to be attached, and by the board of directors of such consolidated district."

That part of the statute which has primarily to do with adding territory to the consolidated school district by taking from an adjoining district cannot be given effect without regard to equally potent provisions of the statute governing changes in the boundary of the district from which the territory is taken.

This is in effect an independent enactment. There is no requirement therein that any kind of notice shall be given anyone or in any manner. It authorizes attaching any part or all of an adjoining school district to a consolidated school district upon petition. There is no provision as to the details of how it shall be done: whether the county superintendent shall make an order attaching it, or if a part only is attached, what the minimum area, etc., of the district from which the territory is detached shall be; whether any notice shall be given when a strip is taken off, or when the whole adjoining district is attached. Standing alone, and not modified by any other statute in pari materia, territory could be stripped from a district and attached without regard to the territorial integrity of the losing district, without any kind of notice to the district, its citizens, or the officers thereof. But this section was not intended to go unmodified by other sections of the school code statute. It will be noted this provision is found in that part of the

school code dealing with the formation of consolidated districts and disorganizing the common school districts, etc., and is in section 1 of article 7, as amended (chapter 219, Session Laws of 1913). In section 8 of the same article, we find:

"In all matters relating to consolidated school districts not provided for in the preceding sections, the law relating to school districts shall be in force where said laws are applicable."

The designation "consolidated districts" carries with it the idea that such districts are made up from common school districts in whole or part, by uniting districts or parts thereof. And thus we find them to be formed under the provisions of the statute.

First, the counties were divided into districts (Session Laws of 1913, section 11, art. 2) by order of the county superintendent of public instruction, and their boundaries made a matter of record. This—the school district—referred to as the common school district, is the unit of organization. Then, if one-half the electors in two or more such districts petition the superintendent for consolidation, he calls a meeting at a convenient point, and gives notice in each district by posting in five public places in each district or parts of the district and publication in a paper. At such meeting, if the majority votes to consolidate, report is so made and the order entered. By reason of the statute last given, we look to the school district provisions of the statute (section 11, art. 2 ch. 219, Acts 1913, amended by Acts 1913, p. 319), and there find:

(a)    That changes of boundaries of districts can be made only upon 20 days' notice posted in five public places in the district affected.

(b)    No district can be reduced to an area of less than six square miles.

The school districts, once formed, become bodies corporate, can sue and be sued; the people therein are subjected to taxation for school district purposes, and it can hardly be said in right reason that it was the intent and purpose of the Legislature that a small part, a large part, or the whole of an adjacent district can be detached upon petition which purports to show a majority of the electors of the "part" and attached to a consolidated district, and no notice of any kind posted in the district, published in the district, or served upon the officers of the district affected. Even the

officers of the consolidated district to which the territory is sought to be added must give their consent and join in the petition. The parent district is not even advised in any manner known to the statute. No such disorganization of a school district in whole or in part, without notice of any kind, as such a construction would place upon the provision in question, can be found anywhere else in the statute, and it was not intended to exist as to this provision.

Before the superintendents had authority to enter the order detaching the strip in question, they must have had the proper petitions and given the notices required by section 11 of article 2, ch. 219, and Sess. Laws of 1919, page 317.

It follows, therefore, that the order entered on the 29th day of September, 1922, by the county superintendent of Garvin county and the county superintendent of Murray county (in excess of their power and jurisdiction, and void) by which—

"The south half of section 33, and that part of section 34 and section 35, situated in school district 32, Garvin county, township 2 north, range 1 east, and the north half of the southeast quarter of section 4, and the north half of the northeast quarter of section 9, and the north half of section 10, and all of section 3, and that part of the north half of section 11, and that part of section 2, situated in school district 32, Garvin county, Oklahoma, in township 1 north, range 1 east"

—was detached from district 32 of Garvin county and attached to consolidated district 1 of Murray county, having been made without notice, was in excess of their power and jurisdiction and void; and the same is declared null and of no force and effect, and said strip detached is restored to district 32, Garvin county.

JOHNSON, C. J., and KANE, KENNAMER, COCHRAN, and MASON, JJ., concur.