**CHANDLER, County Supt., et al. v. BARBER et al.**

No. 16651—Opinion Filed Nov. 3, 1925.

(Syllabus.)

1. **Schools and School Districts—Attaching Territory to Consolidated District—Necessity for Notice.**

That part of section 1, art. 7, ch. 219 of the Session Laws of 1913, as amended by Session Laws of 1917, page 473 (section 10462, Comp. Stats. 1921), which is: "Provided that all or a part of any district adjacent to a consolidated district shall be attached to and become a part of such consolidated district upon petition to the county superintendent signed by a majority of the legal voters of such territory desiring to be attached, and by the board of directors of such consolidated district," authorizes the county superintendent to attach a part or the whole of an adjoining school district to a consolidated district, but the notice required to be given by section 11, art. 2, ch. 219, Session Laws of 1913, as amended by the Session Laws of 1919, page 319 (section 10321, Comp. Stats. 1921, is jurisdictional, and no authority exists to enter such order unless the notice by said section provided is first given.

2. **Same — Invalidity of Proceedings for Lack of Notice.**

No notice having been given in the case at bar, the order of the county superintendents of Woodward and Ellis counties entered on the 20th day of August, 1924, attaching school district No. 167 of Woodward county to consolidated school district No. 2 of Woodward and Ellis counties, is void.

Appeal from District Court, Woodward County; Charles Swindall, Judge.

Action by E. L. Barber, O. M. Rosedale, and B. E. Hart against L. B. Chandler, County Superintendent of Public Instruction of Woodward County, and Margaret Christie, County Superintendent of Public Instruction of Ellis County; Consolidated School District No. 2 of Fargo, Ellis County, intervener. Judgment for plaintiffs, and defendants appeal. Affirmed.

C. B. Leedy, for plaintiffs in error.

O. C. Wybrant and L. T. Foster, for defendants in error.

PHELPS, J. This is a certiorari proceeding brought in the district court of Woodward county to review the proceedings of the county superintendents of public instruction of Woodward and Ellis counties in making an order dissolving school district No. 167 of Woodward county and attaching the territory thereof to consolidated school district No. 2 of Ellis and Woodward counties. The writ was granted, and the returns of both county superintendents show that on the 20th day of August, 1924, a petition purporting to be signed by a majority of the electors of school district No. 167 in Woodward county was presented and filed in the office of county superintendent of public instruction of both counties, and on the same day, without any notice or hearing of any kind being had, the county superintendents each made an order dissolving school district No. 167 and attaching the same to consolidated district No. 2. And upon hearing, the district court of Woodward county found, that the orders of the county superintendents dissolving said school district No. 167 and attaching it to the consolidated district No. 2 were made without authority or jurisdiction and were void and of no effect because of the failure on the part of said county superintendents to give 20 days' notice as required by chapter 223 of the Session Laws of 1919 (section 10321, Comp. Stats. 1921), and ordered that school district No. 167 be detached from consolidated district No. 2 and restored to all its corporate rights and privileges enjoyed by it prior to the time of making the orders of consolidation by said county superintendents, from which judgment this appeal is prosecuted.

There being no disputed question of fact, the sole question for us to determine here is whether notice of the proposed consolidation must be given. The authority for such consolidation is found in section 10462, Comp. Stats. 1921, which reads as follows:

"Provided that all or a part of any district adjacent to a consolidated district shall be attached to and become a part of such consolidated district upon petition to the county superintendent, signed by a majority of the legal voters of such territory desiring to be attached and by the board of directors of such consolidated district."

It will be observed that no provision is made for any notice whatever of such consolidation, and plaintiffs in error claim that, inasmuch as no notice is specifically provided for in the act, none is required, while the defendants in error claim that, since the act does not specifically provide for notice, the parties to the consolidation are bound by section 10472, Comp. Stats. 1921, which provides:

"In all matters relating to consolidated school districts, not provided for in the preceding sections, the law relating to school districts shall be in force where said laws are applicable."

Section 10321, Comp. Stats. 1921 (which is chapter 223, Session Laws 1919), provides that the county superintendent of public instruction may divide the county into a convenient number of school districts, and change such districts when the interest of the public may require it, but only after 20 days' notice thereof, by written notice posted in at least 5 public places in the district or districts so affected.

The question involved here was before this court, rather indirectly, in Lowe et al. v. Consolidated School District No. 97, 79 Okla. 115, 191 Pac. 737, wherein the validity of the bonds of the consolidated district were attacked upon the grounds that illegal votes were cast in the bond election, such illegal votes consisting of the votes of the residents of territory recently attached to the consolidated district by order of the county superintendent without notice, and it was there held that the bond issue was a valid issue, thereby indirectly holding that no notice of the attachment of such adjacent territory was necessary, and it is upon this authority that plaintiffs in error herein seem to base their claim for reversal of the judgment of the district court.

The identical question involved here was again before this court in Gregg et al. v. Hughes, 89 Okla. 168, 214 Pac. 904, and in a well-considered opinion it was held that the order of the county superintendent attaching adjacent territory to a consolidated school district, where no notice had been given, was void. The question to be determined here is so thoroughly and ably discussed in that opinion that we deem it unnecessary to rewrite the views of this court in this opinion, but hereby refer to and adopt the opinion and reasoning therein as determinative of the question involved here.

The judgment of the trial court is therefore affirmed.

All Justices concur.