## WEATHERS v. LIEBHART.

No. 17962. Opinion Filed Jan. 3, 1928.

Rehearing Denied Feb. 14, 1928.

(Syllabus.)

1. **Schools and School Districts—Consolidated District—Certiorari to Review Actions of Superintendents—Parties.**

In certiorari to review the actions of the

county superintendent of schools of two counties in attaching or refusing to attach the territory embraced in a school district of one county to a district in the other county, and the proceedings of the State Superintendent on appeal from such order, the two school districts are not necessary parties.

**2. Same—Attaching Adjacent Territory—Statutory Notice Mandatory.**

That part of section 10462, C. O. S. 1921, which is: "Provided that all or a part of any district adjacent to a consolidated district shall be attached to and become a part of such consolidated district upon petition to the county superintendent signed by a majority of the legal voters of such territory desiring to be attached and by the board of directors of such consolidated district," authorizes the county superintendent to attach a part. or the whole, of an adjoining district to a consolidated district, but the notice required to be given by section 10321. C. O. S. 1921, is jurisdictional. and no authority exists to enter such order unless the notice by said section provided is first given. Gregg v. Hughes, 89 Okla. 168, 214 Pac. 904.

**3. Same—Order Attaching Territory Without Notice Void.**

Where no such notice is given, an order of the State Superintendent of Public Instruction attaching the whole of a school district in one county to a consolidated district of another county, in a proceeding upon appeal from the county superintendents of the two counties, is void.

Commissioners' Opinion, Division No. 2.

Error from District Court, Garfield County; Charles Swindall, Judge.

Action by H. M. Liebhart against Oscar Weathers and others. Judgment for plaintiff, and defendant Oscar Weathers brings error. Affirmed.

Sturgis & Hill, for plaintiff in error.

Simons, McKnight, Simons & Smith, for defendant in error.

DIFFENDAFFER, C. This is an appeal from an order and judgment in a proceeding in certiorari, setting aside an order of the State Superintendent of Public Instruction dissolving school district No. 109 of Garfield county, and attaching the territory comprising the same to a school district in Major county, designated as "Ames Consolidated District No. 3, Major County."

By the record, it appears that on the 1st day of May, 1926, a petition signed by 38 legal voters of school district No. 109, Garfield county, was presented to C. L. Dalke, county superintendent of Garfield county, by which they asked that the boundaries of No. 109 be changed "by attaching entire district No. 109 of Garfield county to consolidated district No. 3, Major county."

This petition was directed to C. L. Dalke, county superintendent of public instruction of Garfield county, Okla. It does not appear that it was ever presented to or acted upon by the county superintendent of Major county, or that it was considered and acted upon by the county superintendents of the two counties acting together, or at all.

On May 4, 1926, the county superintendent of Garfield county made an order denying the petition. On May 7th, there was filed with the county superintendent a request signed by ten of the signers of the original petition that their names be stricken therefrom. On the same day a protest was filed signed by 28 voters, and on May 8th a petition, signed by eight of the voters who had signed the protest, was filed asking for the annexation.

An affidavit of one Robert A. Falls was filed showing that the number of legal voters in said district was 52. On May 12. 1926. a notice of appeal was signed by 30 persons claiming to be legal voters of said district, directed to the county superintendents of Garfield and Major counties, and M. A. Nash, State Superintendent. as follows:

"Notice is hereby given you and the State Superintendent of Public Instruction. that we. the undersigned persons, constituting one-fourth of the qualified electors of school district No. 109, township No. 20, range No. 8, county of Garfield, Okla., appeal from your decision in changing said district. as follows:

"1. By attaching entire district No. 109 of Garfield county to consolidated district No. 3, Major county.

"And we respectfully ask the State Superintendent of Public Instruction of the state of Oklahoma to hear our appeal and to investigate our appeal set forth in the attached sheet for the proposed change or alteration of school district boundaries in school district No. 109, range No. 8, county of Garfield. state of Oklahoma, at the next meeting of the board."

It does not appear that this notice was served on the county superintendent of Major county, but was filed with the county superintendent of Garfield county. The date of such filing is not shown.

On June 22, 1926, M. A. Nash, State Superintendent of Public Instruction, entered an order, in which it was recited that on the basis of the petitions and remonstrance. the county superintendent of Major county had agreed to the annexation, and the county superintendent of Garfield county objected,

and that an appeal from the actions of the said county superintendent was taken. The order then says:

"Section 10462, C. O. S. 1921, provides as follows:

" 'All or a part of any district adjacent to a: consolidated district shall be attached to and become a part of such consolidated district upon petition. to the county superintendent, signed by a majority of the legal voters of such territory desiring to be attached, and by the board of directors of such consolidated district.'

"From the somewhat complicated status of the petitions mentioned above, it appears to the State Superintendent of Public Instruction that a majority of the legal voters of said district 109, Garfield county, desire that said district be annexed to Ames consolidated district No. 3, Major county, and it is, therefore, the order of the State Superintendent of Public Instruction, in and for the state of Oklahoma, that the annexation as proposed shall be effected.

"Dated at Oklahoma City, Oklahoma, this the 22nd day of June, 1926."

On July 21st, plaintiff, H. M. Liebhart, filed in the district court of Garfield county a petition wherein the State Superintendent, the county superintendents of Garfield and Major counties, the clerk of school district No. 109, and the clerk of the board of education of Ames, Okla., were made defendants, praying that a writ of certiorari issue directed to said defendants, commanding them to certify and return to said court the records of the proceedings taken by them or either of them in said matter, and for a review thereof.

The writ was granted, and on the 15th day of September, 1926, the court entered judgment as follows:

"It is, therefore, considered, ordered, adjudged and decreed by the court, that the order of M. A. Nash, State Superintendent of Public Instruction of the state of Oklahoma, made on June 22, 1926, attaching school district No. 109 of Garfield county. Okla., to consolidated district No. 3 of Major county, Okla., being independent school district of Ames, Okla., and disorganizing school district No. 109 of Garfield county. Okla., be and the same is hereby set aside, and said school district No. 109 of Garfield county, Okla.. be and it is hereby restored to its former organization with the same force and effect as if said order of June 22, 1926, made by M. A. Nash, as State Superintendent of Public Instruction of the state of Oklahoma, had never been made."

From this judgment, this appeal is brought.

It is first contended by plaintiff in error that the judgment should be reversed for the reason that school district No. 109 and independent Ames school district were not made parties. We think this contention cannot be sustained, under the authority of Gregg v. Hughes, 89 Okla. 168, 214 Pac. 904, where proceedings detaching certain territory from school district No. 32, Garvin county, and attaching the same to consolidated school district No. 1, Murray county, were reviewed in certiorari, without joining either school district.

We also think that the case of Gregg v. Hughes, supra, and Chandler, County Superintendent, v. Barber, 113 Okla. 222, 241 Pac. 145, are controlling in the instant case. It is not claimed by any one that the notice required by section 10321, C. O. S. 1921, was given, and the record discloses that no such notice was or could have been given. It was specifically held in the cases cited, that such notice was required before the county superintendents of the two counties, acting together, could detach territory from one school district, and attach same to a consolidated school district of another county, as was the case in Gregg v. Hughes, supra, or dissolve a school district in one county and attach the whole of the territory comprising the same to a consolidated school district of another county, as was the case in Chandler, Co. Supt., v. Barber, supra, and as was attempted in the instant case. The notice being jurisdictional, and it being beyond the power of the county superintendents acting together in the first instance to make the order, it follows that the State Superintendent was without jurisdiction to enter such order on appeal. There were many other irregularities in the proceedings in the instant case, but we deem it unnecessary to consider them. We also deem it unnecessary, in this case, to determine the question as to the authority of the county superintendents to dissolve a common school district in one county and attach the territory comprising same to an independent district in an adjoining county, if such notice be given. All we hold is, that this cannot be done without the 20 days' notice thereof, provided by section 10321, C. O. S. 1921.

The judgment and decree of the trial court setting aside the order of the State Superintendent of Public Instruction attaching school district No. 109, Garfield county, to consolidated school district No. 3 of Major county, being independent school district of Ames, Okla., and the judgment restoring said school district No. 109, Garfield county, to its former organization, should be affirmed.

BENNETT, HALL, HERR, and JEF-FREY, Commissioners, concur.

By the Court: It is so ordered.

Note.—See 35 Cyc. p. 857 (Anno).