WALL, Supt., et al. v. STATE ex rel. McCONNELL et al.

No. 29766.   June 11, 1940.

Rehearing Denied July 2, 1940.

*103 P. 2d 925.*

W. R. Farmer, of Pauls Valley, for plaintiffs in error.

Blanton, Curtis & Blanton, of Pauls Valley, for defendants in error.

DANNER, J. The plaintiffs are legal voters residing within certain territory in consolidated school district No. 4 in Garvin and Stephens counties. The defendants are the county superintendents of public instruction of those counties.

The plaintiffs and other legal voters residing within said territory filed with the two county superintendents a petition to detach that territory from consolidated school district No. 4 and to attach it to consolidated school district No. 36 in Stephens county. The petition was signed by the board of directors of consolidated school district No. 36 in Stephens county, and by a majority of the legal voters residing in the particular territory or area which it was sought to have detached from the one district and attached to the other, but said signers were fewer in number than one-third of the qualified electors residing in the whole of consolidated school district No. 4. The county superintendent of Garvin county entered an order refusing to transfer the territory. The county superintendent of Stephens county was willing and is still willing to make the transfer.

From the order of the county superintendent of Garvin county the plaintiffs appealed to the State Superintendent of Public Instruction, under section 6797, O. S. 1931, 70 Okla. St. Ann. § 92, relating to appeals in joint district controversies. It appearing that no notice of the proposed change had ever been posted, the State Superintendent of Public Instruction returned the matter to the county superintendents, stating that he was without authority to pass upon the merits of the appeal, because of their failure to post notices. The plaintiffs then requested the county superintendents to post the notices, and the county superintendent of Garvin county refused.

The plaintiffs then in the name of the state filed this action in mandamus in the district court of Garvin county, against the two county superintendents, to require them to post notices of the proposed change, as a preliminary requisite to the entering of a valid order in the premises. The trial court held for the plaintiffs, and defendant county superintendent of Garvin county appeals, naming the other county superintendent as a party plaintiff in error.

It was noticed above that the petition for the proposed change was signed by more than a majority of the legal voters residing within the territory which it is sought to have detached from the one district and attached to the other, but by less than one-third of the qualified electors residing within the whole district from which the territory was sought to be detached. This presents the point in dispute. The county superintendent of Garvin county contends that section 6771, O. S. 1931, 70 Okla. St. Ann. § 31, controls; that said section requires the petition to be signed by at least one-third of the qualified electors of consolidated school district No. 4; that it was not signed by as many as one-third thereof, and that therefore he did not have jurisdiction to post notices or enter an order. The plaintiffs, whose view was adopted by the trial court, contend that the case is controlled by section 6915, O. S. 1931, 70 Okla. St. Ann. § 251, providing that all or a part of any district adjacent to a consolidated district shall be attached to and become a part of such consolidated district upon petition to the county superintendent signed by a majority

of the legal voters "of such territory desiring to be attached" and by the board of directors of such consolidated district; that it was the mandatory duty of the county superintendent to post notices and hear the petition. It therefore appears that the question of the correctness of the trial court's writ depends upon three questions: First, Which, if either, of the two aforementioned sections controls? Second, Is it necessary to jurisdiction that notice of the proposed change be posted? Third, If notice is necessary, is it the mandatory duty of the county superintendent to post it?

First, let us familiarize ourselves with the nature of the units with which we are dealing. A consolidated district is one which is made up by the consolidation of two or more adjacent common or ordinary school districts or parts of districts or territory. Section 6915, O. S. 1931, 70 Okla. St. Ann. § 251. A joint school district is one lying partly in two or more counties. Section 6796, O. S. 1931, 70 Okla. St. Ann. § 91.

We now consider the first of the questions mentioned above, as to which section applies. This involves three sections of our statutes, and a construction of the effect which they each have upon the others. The first of said sections appears in the article devoted to county superintendents and the ordinary or common school districts, while the other two appear in the article devoted specifically to consolidated school districts, and this fact is important.

Section 6771, O. S. 1931, 70 Okla. St. Ann. § 31, relating to ordinary districts, or that part of it concerning changing of boundaries, provides that:

"* * * No district shall be changed under the provisions of this section, except upon a petition to the county superintendent of public instruction, signed by at least one-third (1-3) of the qualified electors of the district petitioning for the change. * * *"

Section 6915, O. S. 1931, 70 Okla. St. Ann. § 251, appearing in the article on consolidated districts, provides that:

"* * * All or a part of any district adjacent to a consolidated district shall be attached to and become a part of such consolidated district upon petition to the county superintendent signed by a majority of the legal voters of such territory desiring to be attached and by the board of directors of such consolidated district. * * *"

(There is no contention in this case that the word "district" in that part of the above quotation reading "all or a part of any district" is exclusive in the sense that it authorizes only the attachment of all or a part of a common school district and does not authorize the attachment of all or a part of a consolidated district.)

The territory involved is a part of a consolidated district, and is adjacent to a consolidated district. Section 6771, supra, requires a petition signed by at least one-third of the qualified electors of the district petitioning for the change, while section 6915, supra, requires only a majority of the legal voters "of such territory desiring to be attached" and the board of directors of such consolidated district. Which controls when it is sought to attach such territory to a consolidated district? This is where the third of the above-mentioned sections comes into effect. Section 6927, O. S. 1931, 70 Okla. St. Ann. § 258, appears in the article devoted specifically to consolidated districts and provides:

"In all matters relating to consolidated school districts, not provided for in the preceding sections, the law relating to school districts shall be in force where said laws are applicable."

Even without the aid of familiar principles of statutory construction, which need not be discussed, it is apparent that the words "not provided for in the preceding sections" removes all difficulty from the question immediately before us. Obviously, the meaning is that if a matter relates to consolidated dis-

tricts, and is *not* provided for in the article devoted to consolidated districts, then it shall be governed by the law relating to school districts in general, or common school districts, as they are called, while the reverse is true as a necessary corollary, namely, that if a matter relating to a consolidated district *is* provided for in the article devoted to consolidated districts, it shall govern if there is any conflict. We are of the opinion that section 6915, supra, is controlling of this case.

Section 6915 authorizes the attachment of (1st) all, or (2d) any part of, an adjacent district. When we come to that part of the section prescribing the necessary number of petition signers we do not find the language divided into two divisions, as above illustrated with reference to the area or territory which may be attached, so as to make the required number fit said divisions separately; all we find is one requirement, and so we conclude that it was designed to fit either of said possible situations. That requirement is a majority of the legal voters of "such territory desiring to be attached." Since the section contemplates that either all or a part of the district may be attached, it follows that "such territory" means all of the district if it is desired to attach all of the district, and just the part of the district proposed to be attached if it is proposed to attach only a part thereof. Such a construction is in accord with the plain and obvious meaning of the words employed in the statute, and if it were conceded that any other construction is possible we still would be faced with the fact that it would be a strained and unusual one. No other construction has been suggested, the defendant's argument being, not that this is an incorrect construction, but that this section is not applicable at all,—a contention with which we have already dealt.

The defendants cite In re Detachment of Territory from Consolidated School District No. 77, Carter County, 185 Okla. 468, 94 P. 2d 220, as authority for their contention that the petition should have had the signature of at least one-third of the qualified electors of consolidated school district No. 4. One-third of the qualified electors of the whole district were required in that case, but it was not a case of attaching territory to a consolidated district, such as is contemplated in section 6915, supra, but of taking said territory out of a consolidated district and making of it an entirely *new, common school* district. Of course we realize that that difference would be of little importance to the electors remaining in the district from which the territory is detached, in either case, but we are governed in such cases by the statutes. Evidently the Legislature has seen fit to make a distinction, by which we are bound, at least in the absence of an attack as to constitutionality. See Musick v. State, 185 Okla. 140, 90 P. 2d 631.

The next question is, as stated above, whether notice is a necessary prerequisite to the entering of a valid order in the premises. The same reason which gave section 6915 in the article on consolidated districts superior weight over section 6771, relating to common districts, now works to make effective the latter section. The section on consolidated districts (6915) and the section on common school districts (6771) both had provisions as to the number of signers necessary, and therefore section 6927, supra, making the general school law applicable in matters "not provided for" by the sections relating to consolidated districts, prevented the general school law from controlling, because such matter *was* provided for in the consolidated school laws. But on the question of notice the reverse is true; there are no provisions for notice of proposed change of boundary to be found in the consolidated district sections. Therefore, since notice is "not provided for" in said sections, section 6927 becomes applicable this time and the notice required by said "law relating to school districts" must be given. Said "law relating to school districts" is in this instance again section 6771, supra, which provides as follows as to notice of a proposed change of boundary:

"* * * But only after twenty days' notice thereof, by written notice posted in at least five public places in the district or districts, so affected."

We therefore hold that such notice is a necessary prerequisite to the entering of a valid order. Such was the ruling of this court over 17 years ago, in a case involving almost the same situation as we have here, the only difference insofar as the present question is concerned being that in that case the territory was detached from a common school district instead of a consolidated district. In both cases the territory was sought to be attached to a consolidated district, and two counties were involved, as here. See Gregg v. Hughes, 89 Okla. 168, 214 P. 904. The reasoning used therein was virtually the same as that used here. The same result was reached in Weathers v. Liebhart, 129 Okla. 185, 263 P. 1108, wherein it was held that an order of the State Superintendent of Public Instruction should be set aside for failure to give the notice, in which order, on appeal, the State Superintendent had attached a school district in Garfield county to an adjacent consolidated school district in Major county without having required the notice. For another similar case, with same result, see Chandler v. Barber, 113 Okla. 222, 241 P. 145.

Lastly, is it the mandatory duty of the defendant to post the notices upon being presented with a proper petition? Yes. It is a purely ministerial act, not involving the exercise of discretion, and a duty enjoined upon him by law. He may not refuse to post the notices, and thus deprive plaintiffs of a hearing on the merits of the petition, merely because of his preconceived opinion that the petition should not be granted. The plaintiffs are, of course, entitled to a hearing, and, as shown hereinbefore, a hearing resulting in a valid order cannot be had without posting of the notices as required by statute, and the law imposes that duty upon the county superintendent. A writt of mandamus will issue where a county superintendent fails to perform the duty enjoined upon him

by law. Lauer v. Clark, 84 Okla. 206, 202 P. 1035. See, also, Musick v. State, 185 Okla. 140, 90 P. 2d 631; Cook v. Board of Education, etc., 61 Okla. 152, 160 P. 1124; State ex rel. Dawson, Supt., v. Dinwiddie, Clerk, 186 Okla. 63, 95 P. 2d 867; Rasure, County Supt., v. Sparks, 75 Okla. 181, 183 P. 495.

In Stringer, County Supt., v. Ross et al., 186 Okla. 701; 100 P. 2d 438, the questions involved herein were not separately urged or briefed, and the duty of posting notices was barely, if at all, mentioned in the briefs. The duty of posting notices and of affording the petition signers the hearing required by law is mandatory, since otherwise there could be no valid order from which to appeal. Accordingly, it is necessary that the Stringer Case, supra, be overruled, and it is so ordered.

The judgment is affirmed.

WELCH, V. C. J., and RILEY, HURST, and DAVISON, JJ., concur.