RON CONSOLIDATED SCHOOL DIST. NO. 12 et al. v. ARNETT CONSOLIDATED SCHOOL DIST. NO. 11 et al.

No. 30679.   Oct. 12, 1943.

*141 P. 2d 998.*

W. C. Austin and Robert B. Harbison, both of Altus, and Harry C. Hicks, of Hollis, for plaintiffs in error.

R. D. Miller, of Hollis, for defendants in error.

DAVISON, J.   This case is presented on appeal from the district court of Harmon county, which by its judgment approved and affirmed an order of the county superintendent of that county detaching territory from Ron consoli-dated school district No. 12 and attaching the same to Arnett consolidated school district No. 11 of Harmon county.

In presenting the case to this court the Ron consolidated school district ar-ranges its argument under three propositions, only one of which will be considered in this opinion. It urges that the order changing the territory from one district to the other was and is invalid for want of a sufficient and proper notice. It asserts that the provisions of the governing statute requiring the posting of a 20-day notice were not complied with and that the statutory requirement respecting notice is jurisdictional and mandatory. The authority of the county superintendent to make the order herein presented for review rested upon section 6915, O. S. 1931 (70 O. S. 1941 § 251), which provides in part:

". . . Provided, that all or a part of any district adjacent to a consolidated district shall be attached to and become a part of such consolidated district upon petition to the county superintendent signed by a majority of the legal voters of such territory desiring to be attached and by the board of directors of such consolidated district. . . ."

Such an order can only be made after notice given in accord with the provisions of section 6771, O. S. 1931 (70 O. S. 1941 § 31); Wall, Co. Supt., et al. v. State ex rel. McConnell et al., 187 Okla. 497, 103 P. 2d 925; see section 6771, O. S. 1931. Section 6771 provides in part:

"It shall be the duty of the county superintendent of public instruction to divide the county into a convenient number of school districts and to change such districts when the interests of the people may require it, by making them conform to existing topographical or physical conditions; but only after twenty days' notice thereof, by written notice posted in at least five public places in the District or Districts, so affected; . . ."

In attempted compliance with the above-quoted portion of the statute, the county superintendent caused a notice to be posted. This notice was posted on May 14, 1941. It recited that peti-

tion signed by the requisite number of qualified electors of the territory desiring to be changed had been filed with the county superintendent requesting the change. It then described the territory sought to be detached from one district and attached to another, naming the district heretofore mentioned. It closed with a recitation that "Notice is hereby given that on the 2nd day of June, 1941, at my office in Hollis, Oklahoma, I will take action upon said application."

12 O. S. 1941 § 73 provides that in computing time the first day shall be excluded and the last day included.

Excluding, then, the 14th day of May, the day on which the notice was posted, and counting 20 days thereafter, it will be observed that the date set in the notice for taking action on the petition was 19 days from the date of posting.

It is urged in substance that since the statute (section 6771, supra) does not prescribe the form of the notice and does not specifically require that the notice given shall state the date on which action will be taken or a hearing be had, that the incorporation of a specific statement indicating the possibility of a premature action should be treated as surplusage, and it is pointed out in this connection that the order making the change in this case was not in fact made on the date forecast by the notice, but was thereafter made on June 3rd, the 20th day from and after the posting of the notice.

It is true that the absence of a statutory requirement specifying the contents of the notice might excuse the absence of information in the notice as to when the hearing would be had; however, in our judgment, a different situation is presented when specific information as to the date on which action is contemplated is incorporated in the notice.

The obvious purpose of a notice is to advise interested persons of the proposed change to be made in school district boundaries in order that they may take such action as they may deem proper in the furtherance of their own interest or the interests of their community. The law contemplates that a period of 20 days shall be allowed for such notification. If by the terms of the notice a shorter period of time is allowed, those reading the notice after the expiration of the time therein stated to be allowed would or might be deterred from action when in fact the time allowed by law had not in fact expired.

While in this case the misleading information in the notice was no doubt incorporated therein through inadvertence and mistake and may not have resulted in actual prejudice to the rights of anyone, yet judicial approval of such a notice would create a precedent that might become an instrumentality of fraud in the hands of less scrupulous county superintendents.

If the notice may be so drafted as to lead the public to believe that the time contemplated by law has been shortened one or two days, it may with legal sanction be so drafted as to further shorten the apparent time within which interested persons may act. Thus notices might be so drafted as to give the public the impression that the order had been made several days before the time allowed by law.

It is possible that a construction of the statute which would excuse the form and contents of the notice now before us might be announced without doing violence to any of the more rigid principles of statutory construction. However, it is a general rule in connection with determining the meaning of statutes that they should be construed and applied in such a manner as to accomplish the purpose of their enactment. Carlile v. National Oil & Development Co., 83 Okla. 217, 201 P. 377.

The purpose of posting notices pursuant to section 6771, supra, is to give interested people a full period of 20 days from and after the date of posting in which to act. In our judgment the purpose of the law will best be served by refusal to judicially condone a notice containing language tending to mislead

182

the public as to the length of time before action will be taken in the matter of changing school district boundaries.

This court has already held that the notice prescribed by statute is an essential prerequisite of a valid order making a change in the boundaries. Wall, Co. Supt., et al. v. State ex rel. McConnell et al., supra; Chandler v. Barker, 113 Okla. 222, 241 P. 145; and Gregg v. Hughes, 89 Okla. 168, 214 P. 904.

Our holding herein to the effect that the notice required by statute cannot be so drafted as to mislead the public to believe that the first date on which a valid order can be made is sooner than the law permits is by analogy supported by those cases, and in our opinion carries out the purpose of the law.

The notice required by statute is jurisdictional and mandatory and must be so drafted as to serve the purpose of its requirement. The notice in this case was not so drafted. The cause is therefore reversed and remanded to the district court, with directions to enter its judgment accordingly.

CORN, C. J., GIBSON, V. C. J., and OSBORN, BAYLESS, and HURST, JJ., concur. RILEY, WELCH and ARNOLD, JJ., absent.