DOMESTICATION OF FOREIGN BANK A foreign bank may be domesticated in the State of Oklahoma for a limited purpose to conduct non-banking business as determined by the Oklahoma Department of Banking but it may not include the word "bank" or "savings bank" in its name while conducting such activities in the State of Oklahoma. The Attorney General is in receipt of your letter wherein you ask: "Whether a foreign bank can be domesticated in the State of Oklahoma for a limited purpose to conduct a non-banking business if that bank does not use the word 'bank' or 'savings bank' in its name while conducting those activities in the State of Oklahoma." The Oklahoma Business Corporation Act, 18 O.S. 1.1 [18-1.1] — 18 O.S. 1.250 [18-1.250] (1971), determines which foreign corporations may be domesticated and for what purposes. Title 18 O.S. 1.199 [18-1.199] (1971) provides in part: "A. No foreign corporation shall transact or engage in business in this State until it shall become domesticated. "b. A corporation may become domesticated under this Act, if it be: "(2) Any other foreign corporation which might be formed under this Act as a domestic corporation." (Emphasis added) In light of Section 18 O.S. 1.199 [18-1.199], it becomes necessary to determine whether a bank doing non-banking business might be formed under the Business Corporation Act as a domestic corporation. Sections 1.9 through 1.15 of the Act set forth the requirements for the creation of business corporations. Title 18 O.S. 1.9 [18-1.9] (1971) provides in pertinent part: "Any corporation . . . may be formed hereunder for any lawful purpose or purposes; provided, that in all instances where other statutes prescribe a special procedure for incorporations for designated purposes, corporations being created for such purposes shall be formed under such statutes and not under this Act." Title 18 O.S. 1.3 [18-1.3] (1971) delineates the scope of the Act: "The provisions of this Act shall be applicable to every private corporation, profit or non-profit, stock or non-stock, now existing or hereafter formed or domesticated under the laws of this State, and all securities thereof, except and only to the extent that such corporation be expressly excluded from the operation of this Act or portions hereof, or there be special provisions in relation to any class of corporations inconsistent with provisions of this Act, whereupon such special provisions shall govern as to such class of corporations. . . ." Sections 1.3 and 1.9, above, raise a question as to whether the Oklahoma Banking Code of 1965, 6 O.S. 1 [6-1] (1971) et seq., prescribes a special procedure for incorporation by a foreign bank for non-banking purposes. This issue must be resolved before your original question can be reached. With regard to the application of the Banking Code, 6 O.S. 301 [6-301] (1971) provides: "From and after the passage of this Code no charter of authority to engage in the banking or trust company business in this state shall be issued, and no bank or trust company permitted to engage in business except on certificate issued by the Commissioner upon approval of the Board. The issuance of such certificate shall rest solely in the discretion of the Board." (Emphasis added) A literal reading of the above statute would indicate that a bank may not engage in any business whatsoever in Oklahoma, banking or otherwise, unless it has received a charter of authority from the Banking Commission to conduct such business. Another reading of the statute in conjunction with the Business Corporation Act as a whole, however, would indicate only a prohibition against engaging in banking business without a certificate. It is the opinion of this office that the latter interpretation is the proper construction of the statute in order to fulfill the intent of the Legislature. Where the legislative intent is plainly discernible from the provisions of a statute when considered as a whole, the real purpose and intent of the legislative body will prevail over the literal import of the words employed. Keck v. Oklahoma Tax Commission,108 P.2d 162, 188 Okl. 257 (1941). Statutes should be construed and applied in such manner as to accomplish the purpose of their enactment. Ron Consol. School Dist. No. 12, Harmon County v. Arnett Consol. School Dist. No. 11, Harmon County, 141 P.2d 998, 193 Okl. 180 (1943). The purpose of the Banking Code is found in Article XIV, Section 1 of the Oklahoma Constitution which authorizes the regulation of banks. Section 1 provides in pertinent part: "General laws shall be enacted by the legislature providing for the creation of a Banking Department. . . with sufficient power and authority to regulate and control all State Banks, Loan, Trust and Guaranty Companies, under laws which provide for the protection of depositors and individual stockholders." (Emphasis added) In order to protect depositors, the Code governs those entities which would hold themselves out as banks. Title 6 O.S. 1401 [6-1401] (1971) states in pertinent part: "It shall be unlawful for any individual, firm, association or corporation to receive money upon deposit or transact a banking business except as authorized by the laws of this state. . . or to use or advertise, in connection with any business other than the banking business, conducted under the banking laws of this state, the words: Banker, Bankers, Investment Banker, or any other word or term calculated to deceive the public into belief that such person, firm, association or corporation is engaged in the banking business." (Emphasis added) In order to protect stockholders, the Code governs those banks which are authorized to carry out banking activities in the state. For the purposes of the Code, "bank" is defined in 6 O.S. 102 [6-102] (1971) to mean "any bank authorized by the laws of the state to engage in the banking business." (Emphasis added) Therefore, in viewing the Act as a whole, it would seem that the Legislature had no apparent intent to regulate entities which engage in a non-banking business, but by chance have a corporate identity as a bank in another state. To hold otherwise would prevent the flow of out of state capital from foreign banks into the state, a result which could not be attributed to the desires of the Legislature. Statutes should be given a construction that is reasonable and sensible, bearing in mind the evils intended to be avoided or the remedy intended to be afforded, and the Legislature will be presumed not to have intended an absurd result. Independent School Dist. No. JI-69 of Canadian County v. Independent School Dist. No. D-45 of Canadian County, 363 P.2d 835 (Okl. 1961). If a foreign bank doing non-banking business in the state is deemed not to fall within the purview of the banking code, it also fails to come within the exclusionary language of 18 O.S. 1.3 [18-1.3], 18 O.S. 1.9 [18-1.9] (1971), supra. Therefore, your original question as to whether a foreign bank may be domesticated under the Business Corporation Act is determined by whether said bank may be formed under the Act as a domestic corporation pursuant to 18 O.S. 1.199 [18-1.199] (1971), supra. Obviously, a mutual savings bank could not be formed under the Business Corporation Act as a domestic corporation. However, a corporation that is to engage in non-banking activities could be formed under the Act. To construe the language of 18 O.S. 1.199 [18-1.199] (1971) literally would mean that the foreign corporation seeking domestication — with its own peculiar corporate structure and out-of-state charter — hypothetically must be capable of being created in toto under the Business Corporation Act, regardless of the actual nature of its proposed business within the state. Under this rationale, a foreign bank doing non-banking business would have to be capable of being created under the Act as a bank, and not as a corporation limited to certain non banking activities. It should be noted that this opinion does not attempt to delineate the parameters of "banking business" which would require a foreign banking corporation's obtaining a charter of authority to engage in such business in Oklahoma. Such a determination would rest upon the individual circumstances surrounding each application for domestication, consequently requiring a factual determination in each instance by the Oklahoma Department of Banking as to whether or not the proposed activities would constitute "banking business." Presupposing that said department determines that the proposed activities do not constitute "banking business," then the provisions of the Business Corporation Act would become applicable. In this regard 6 O.S. 715 [6-715] (1971) specifically provides that: "The provisions of the Business Corporation Act of 1947 of the State of Oklahoma, as amended and as the same may be hereinafter amended, shall, insofar as the same are not inconsistent herewith, govern corporations operating under the provisions of this code." (Referring to the Oklahoma Banking Code.) It should be noted that 18 O.S. 1.200 [18-1.200] (1971), which sets forth the effect of a certificate of domestication pursuant to the Business Corporation Act, provides: "Upon the issuance of a certificate of domestication to a foreign corporation, such corporation shall thereby receive authority to engage in and transact business in this State for those purposes set forth in its articles of domestication, subject, however, to the right of this State to cancel or revoke such right to engage in and transact business in this State as provided in this Act." (Emphasis added) This language clearly indicates that a domesticated foreign corporation is authorized to engage in business only for those purposes enumerated in its articles of domestication and implies a flexibility in determining what those purposes may be, regardless of the corporation's purposes and powers with regard to its activities in other states. In McSpadden v. Mahoney,402 P.2d 656 (Okl. 1965), the Court states in syllabus one: "In the construction of a statute, legislative intent much govern. In arriving at such intent the entire Act must be considered. When the intent of the Legislature can be gathered from the entire statute, words may be modified, altered or supplied to give the statute the force and effect which the Legislature intended." Under the above reasoning, a foreign bank may domesticate for "any lawful purpose or purposes", subject to the limitations set forth in 18 O.S. 1.3 [18-1.3] and 18 O.S. 1.9 [18-1.9] (1971) and assuming the State Banking Department has previously determined that said Bank will not be engaged in banking activities in the State of Oklahoma. Naturally, 6 O.S. 1401 [6-1401] (1971), supra, would prohibit any foreign corporation from holding itself out as a bank unless said corporation had a charter of authority issued by the Banking Commissioner upon approval of the State Banking Board. Therefore, it is the opinion of the Attorney General that your opinion be answered in the affirmative. A foreign bank may be domesticated in the State of Oklahoma for a limited purpose to conduct non-banking business as determined by the Oklahoma Department of Banking but it may not include the word "bank" or "savings bank" in its name while conducting such activities in the State of Oklahoma. (James R. Barnett)